ANDERSON v. PILGRAM.

1. A mortgagee cannot maintain an action at law on his debt, while, at the same time, he is prosecuting an action in chancery for foreclosure of his mortgage and for judgment for deficiency.

2. Several notes, maturing at different dates, being secured by one mortgage, an action of foreclosure was commenced when only one of these notes was past due. That action was based only on the default in the one note that had then matured, and therefore an action might be maintained on another of these notes, after its maturity, on the law side of the court, notwithstanding the former action was still pending.

Before WALLACE, J., Spartanburg, March, 1888.

Action by W. A. Anderson and L. S. Anderson against S. M. Pilgram. The opinion states the case.

*Messrs. Bomar & Simpson,* and *Thomson, Nicholls & Moore,* for appellant.

*Messrs. Carlisle & Hydrick,* contra.

March 30, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action on a note dated September 9, 1885, whereby defendant promised to pay to the plaintiffs, on November 1, 1887, two hundred dollars, with interest from date until paid, at the rate of ten per cent. per annum ; and the action was commenced on January 12, 1888. The only defence set up was, that, at and before the commencement of this action, another action was pending for the same cause between the same parties. To support this defence, a record of another action, commenced February 3, 1887, and still pending, was introduced, wherein the present plaintiffs were plaintiffs, and the present defendant, together with one J. D. Epps, to whom the mortgaged property had been conveyed by the defendant herein, were defendants.

The complaint in that action alleged : 1st. That on September 9, 1885, the defendant made and delivered to the plaintiffs six promissory notes, bearing that date, for amounts as follows :

$350, $200, $200, $250, $200, and $200, and set out a copy of the note first to be paid, to wit, the note for $350. 2nd. That on the same day the defendant, to secure the payment of the said notes, executed a mortgage on certain real estate described. 3rd. That on January 18, 1886, the mortgage was duly recorded. 4th. That the said note, of which a copy is above set forth, "is due and payable, and no part thereof has been paid." 5th. "That the condition of said notes and mortgage has been broken, and there is due and remaining unpaid on said notes and mortgage the sum of three hundred and fifty dollars, with interest," &c.

It was admitted that the condition of the mortgage is that if the defendant "should pay the said debt, according to the terms of the said notes, the conveyance should be null," &c., and that the prayer was "for the foreclosure of the mortgage, equity of redemption to be barred, the premises ordered to be sold, the proceeds to be applied to the payment of said debt, and execution awarded for the balance against S. M. Pilgram, and for other and further relief." It was also admitted that the note now sued on is one of the notes mentioned in the complaint for foreclosure, and that at the time the action for foreclosure was commenced the note for $350 was the only one of the six which had then become payable.

The Circuit Judge instructed the jury, that even if the note now sued on was included in the action for foreclosure, the plea of pendency of another action between the same parties for the same cause would not avail the defendant, because, under the authorities cited, a creditor, who holds several notes secured by the same mortgage, may sue at law on the notes or any one of them, and at the same time prosecute his action in equity for a foreclosure of the mortgage; that he may resort to both remedies at the same time, though he will be entitled to only· one satisfaction. He also, on request, instructed the jury, that, under his construction of the record of the action for foreclosure, the note now sued on was not included in that action, as it only embraced the note for $350, set out in the complaint, and did not include any of the other notes.

Under these instructions, the jury having rendered a verdict in favor of the plaintiffs, and judgment having been entered there-

on, the defendant appeals upon the several grounds set out in the record, which substantially raise but two questions, to wit: 1st. Whether a creditor, holding a note or bond secured by a mortgage, may, while prosecuting an action on the equity side of the court for foreclosure of his mortgage, in which he asks that execution may be awarded him for any balance left unpaid by the proceeds of the sale of the mortgaged premises, at the same time maintain an action on the law side of the court on such note or bond. 2nd. If not, whether the note sued on in this case was included in the action for foreclosure.

The Circuit Judge says, in discussing the first question, that his own impressions of the law had been otherwise, but the authorities cited required him to charge as he did. We think his honor was misled by these authorities, and that his first impressions were correct. The authorities relied on are 2 *Jones on Mortgages*, section 1215, and the case of *Burnell* v. *Martin* (Doug., 401), decided by Lord Mansfield. But owing to the radical change in the nature of a mortgage effected by our act of 1791, we do not think these authorities are applicable. We can very well understand that where a mortgage is regarded as a conveyance and not as mere security for a debt, there is no objection to allowing a mortgagee to proceed at the same time to foreclose his mortgage, and bring an action at law to recover judgment on the debt. For there the action for foreclosure would not afford a complete remedy, as it did not contemplate a judgment for any balance left unpaid by the mortgaged property. There the mortgagee held the legal title to the mortgaged premises, subject to the mortgagor's equity to redeem, and the object of the action to foreclose was simply to cut off, bar, such equity, and not to recover the amount of the debt.

Here, however, there is, properly speaking, no such thing as a strict foreclosure, for the legal title remains in the mortgagor, and not a mere equity to redeem. Hence, the remedy of the mortgagee here is not to foreclose or bar an equity which does not exist, but to enforce the payment of his debt by a sale of the property pledged as security therefor. The phrases, "foreclosure of a mortgage" and "equity of redemption," were imported here from England along with the body of the common law, and are

yet in constant use; but it must always be remembered, in order to avoid being misled, that they have acquired a totally different meaning here from that which they bore in England. A mortgagor at common law having parted with the legal title by the mortgage, could only regain it by paying the mortgage debt and demanding a reconveyance from the mortgagee. This was a mere equity, called the equity of redemption, and the real object and effect of judgment of foreclosure was simply to cut off this equity, and confirm the legal title in the mortgagee free from such equity. Here, however, the remedy of the mortgagee is by an action for the sale of the mortgaged premises and an application of the proceeds of such sale to the mortgage debt, and although usually called an action to foreclose, it is totally different in its character and results from a strict foreclosure.

This being the nature of the mortgagee's remedy, to enforce which it was necessary to ascertain judicially the amount of the mortgage debt, the practice gradually, and very naturally, sprang up, allowing the mortgagee in such an action to obtain not only an order for the sale of the mortgaged premises, and an application of the proceeds to his debt, but also a judgment, enforceable by execution, for any balance which might remain unpaid by the proceeds of the sale. This practice, though for some years after the passage of the act of 1791 not recognized or acted upon, as it would seem, from what is said by Wardlaw, Ch., in *Wightman* v. *Gray*, 10 Rich. Eq., 532, has now become well settled, and very generally, if not universally, acted upon in this State, at least.

This being the case, we see no reason why the mortgagee should be permitted to harass his debtor by two suits at the same time, both tending to the same result. The doctrine laid down by the authorities relied on by the Circuit Judge, as well as those cited by the counsel for plaintiffs in the argument here, can only be sustained where the action to foreclose a mortgage is regarded in a different light from what it is here. The reason given by Kent, Ch., in *Jones* v. *Conde* (6 Johns. Ch., 77), why a mortgagee is allowed to sue at law on the bond, and at the same time prosecute his action for foreclosure in the Court of Equity, is that one is a proceeding *in rem* and the other *in personam;* and the same

learned chancellor, in *Dunkley* v. *Van Buren* (3 Johns. Ch., 330), refused to allow a judgment for the deficiency in an action to foreclose a mortgage, upon the ground that "such a suit is not intended to act *in personam*," but that the mortgagee in such an action "is confined in his remedy to the pledge." But in this State, where the mortgagee, in an action to foreclose, as it is called, is not confined in his remedy to the mortgaged property, but may also obtain a personal judgment—the proceeding being *in personam* as well as *in rem*—the doctrine of those authorities is not applicable. The conclusion to which we have arrived is supported by what is stated to have been the opinion of the Equity Court of Appeals, in *Gray* v. *Toomer* (5 Rich., at page 266), where the Law Court of Appeals deemed it necessary to take the opinion of the Court of Equity.

Among the authorities cited in the argument here to support the ruling below, there is one case in this State which requires some notice. It is the case of *Hatfield* v. *Kennedy*, 1 Bay, 492. That case was decided in 1793, long before the practice of allowing a mortgagee, in an action to foreclose his mortgage, to obtain a personal judgment for any balance that may remain unpaid after application of the proceeds of the sale of the mortgaged premises had been established, and cannot now be regarded as authority under such practice. Indeed, the question seems to have received but little consideration in that case, and the decision was rested solely on Lord Mansfield's ruling in *Burnell* v. *Martin, supra*, which, as we have seen, is not applicable here, owing to the radical change effected by our statute in the nature of a mortgage, and the marked difference between an action for strict foreclosure and an action to enforce the payment of a mortgage debt by a sale of the mortgaged premises.

As to the second question, we agree with his honor, Judge Wallace, in holding that the note sued on in the present action was not included in the former action to foreclose the mortgage. While it may be true that two or more notes given by the defendant to the plaintiff may be regarded as constituting but a single cause of action, as in *Holland* v. *Kemp* (27 S. C., 623) and *Latimer* v. *Sullivan* (*ante*, 111), it does not follow that they must necessarily be so regarded in every case. When the notes are

payable at different times, and the holder desires to sue as soon as the first one matures, and before the others become payable, they must necessarily be treated as separate causes of action, as no action can be maintained on a note until after it becomes pay-able, except under the special circumstances provided for by stat-ute, which have no application here. In this case, the note now sued on was not payable until the first day of November, 1887, and as the former action was commenced on February 3, 1887, we do not see how it could have been included in that action. Suppose that, at the hearing of the action for foreclosure of the mortgage, the defendant should be able to prove that the note for $350, specially set out in the complaint in that action, was a for-gery, or that the note had been paid or otherwise extinguished, how could any judgment be recovered in such action? The plain-tiffs could not, in such event, have claimed judgment upon any of the other notes, casually mentioned in the complaint, as repre-senting part of the debt which the mortgage was intended to secure; for, besides the fact that the complaint contains no such allegations in regard to the other notes as would entitle the plain-tiffs to demand judgment upon them, the more material difficulty would be, that as these other notes had not become payable at the time of the commencement of the former action, the action as to them would fail; for, as is said by Mr. Chief Justice Simpson in *Moon* v. *Johnson*, 14 S. C., 436, upon the authority of *Bank* v. *Manufacturing Company* (3 Strob., 190), "No party can re-cover in an action which was commenced when the cause of action had not accrued."

It is true, that where a mortgage is given to secure a bond, with a penalty, conditioned for the payment of a certain sum of money at a future day, with interest payable annually, or in sev-eral instalments at different times, an action may be commenced as soon as there is a default in payment of the first year's interest, or first instalment, and provision may be made in the judgment for the payment of the subsequent annual interest, or subsequent instalments, as they respectively become payable (*Brinckerhoff* v. *Thallhimer*, 2 Johns. Ch., 486); but that is upon the theory that the obligor is liable to judgment for the penalty so soon as there is default in performing any one of the conditions of the bond.

What would be the proper mode of proceeding to render the mortgage available security for the payment of such of the notes as had not become payable when the action was commenced, in a case like the present, where the mortgage was not given to secure a bond with a penalty, but was given to secure sundry notes, some of which had not become payable when the action was commenced, we are not now called upon to consider, as no such question is presented in this case.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.