20630

The PERPETUAL BUILDING AND LOAN ASSOCIATION OF ANDERSON, Respondent, v. Kenneth R. BRAUN, Walter M. Burckhalter, Harold C. Morris, W. W. O'Shields, James E. Simons, F. A. Townsend, Jr., John W. Tucker, E. W. Tucker, Jr., G. Emile Tucker, Aiken-Anderson, Inc., and American Lease Plans, Inc., and Miracle Mile Co., a General Partnership under South Carolina Law of whom Kenneth R. Braun, Walter M. Burckhalter, Harold C. Morris, W. W. O'Shields, James E. Simons, F. A. Townsend, Jr., John W. Tucker, E. W. Tucker, Jr. and G. Emile Tucker are, Appellants.

(242 S. E. (2d) 407)

*John T. Bodenheimer, Harte and Harte,* of Aiken, and *Thomas W. Weeks* of *Blatt, Fales, Bedingfield, Loadholt, Poole, Motley & Richardson,* Barnwell, *for Appellants,*

*Jones, McIntosh, Threlkeld, Newman & Cox,* of Anderson, *for Respondent,*

March 7, 1978.

NESS, Justice:

The sole matter for review is the propriety of granting a deficiency judgment when it was not specifically demanded in the foreclosure complaint. We hold a deficiency judgment to be such an incident of mortgage foreclosure that it may be supported by a general prayer for relief.[1] Accordingly, the

---

[1] 55 Am. Jur. (2d), Mortgages, § 909; *Shepherd v. Pepper,* 133 U. S. 626, 10 S. Ct. 438, 33 L. Ed. 706 (1890).

order granting a deficiency judgment to respondent is affirmed.

Appellants owed respondent $950,000.00 and executed a mortgage as security for the debt. Upon appellants' default, respondent commenced suit seeking foreclosure of the mortgage, sale of the premises, appointment of a receiver and such other relief as might be just and proper. There was no specific prayer for the debt or for a deficiency judgment.

The circuit judge complied with the special referee's recommendation and ordered foreclosure and sale of the mortgaged premises. The bidding remained open for thirty days. Following sale the indebtedness remained unsatisfied to the extent of $171,835.32. Upon respondent's motion, the circuit judge ordered a deficiency judgment against appellants for the remaining balance.

Appellants assert the foreclosure action commenced by respondent was solely *in rem* and therefore could not support the granting of a deficiency judgment. We disagree. While the issue raised in this appeal is one of first impression in this State, we believe our resolution of it is consistent with general mortgage law and with the nature of a foreclosure action in South Carolina.

A mortgage represents security for an obligation, not full payment thereof. It is not implicit in the taking of a mortgage that the creditor is to look only to the property for satisfaction of the debt. Indeed, he may ignore the security and bring an action at law on the indebtedness, or he may proceed by foreclosure to satisfy his lien.

It is generally accepted that if the mortgaged premises are sold under a foreclosure decree and fail to bring a sufficient amount to satisfy the debt, the mortgagee is entitled, absent any statutory limitation or waiver on his part, to a personal judgment for the remaining deficiency. 55 Am. Jur. (2d), Mortgages, § 905. "[I]f the mortgagee does not ask for a deficiency decree in the foreclosure

suit, and no such decree is entered, he has a remedy at law by way of an action on the debt for what remains due." *Id.*

Under general principles of mortgage law, therefore, a mortgagee is not denied the full amount due him merely because he elects initially to pursue his remedy by foreclosure. An action for a deficiency judgment as a sequel to foreclosure is taken as a matter of course. See Glenn on Mortgages, Vol. 1, § 69. This appears to be true even when the mortgagee neglects to plead specifically for a deficiency judgment. It has been held that a court has "inherent power" to authorize a decree for deficiency, and that no specific notice or motion need be given to the defendant inasmuch as such decree follows implicitly. 92 C. J. S. Vendor & Purchaser § 448. "Moreover, since a decree for a deficiency is an incident of a foreclosure suit in equity, it may be granted under a prayer for general relief." 55 Am. Jur. (2d), Mortgages, § 909.

The United States Supreme Court in *Shepherd v. Pepper,* 133 U. S. 626, 10 S. Ct. 438, 33 L. Ed. 706 (1890), held a decree for a deficiency to be a necessary incident of a foreclosure suit in equity. In upholding the lower court's decision to render a personal decree for a deficiency under a general prayer for relief in a bill of equity, the Court noted the matter was within the judge's discretion.

Prior to 1791, South Carolina adhered to the common law principle of mortgages whereby an action to foreclose a mortgage was regarded as strictly *in rem*. In the event of default, the mortgagee was required to commence an action in a court of equity to foreclose the mortgage, to bar the mortgagor's right to equity of redemption and to confirm good title in the mortgagee. In case a personal or deficiency judgment was sought, the mortgagee was required to commence an action at law to obtain a judgment.

In 1791, the South Carolina Legislature changed the nature of a mortgage from that of a conveyance on condition

to a mere lien. The Act of 1791 is set forth in a note to *Mitchell v. Bogan,* 45 S. C. L. (11 Rich) 686, 691 (1857). In the subsequent case of *Anderson v. Pilgram,* 30 S. C. 499, 9 S. E. 587 1888), the Court refused to follow the rule adopted elsewhere that a judgment for deficiency could not be rendered in a foreclosure suit since the latter was solely *in rem.* The *Anderson* court stated that in this State, an action for foreclosure was a proceeding *in personam* as well as *in rem,* and therefore, a deficiency judgment could be granted in a foreclosure suit. Accordingly, appellants' assertion that the instant action is solely *in rem* is inconsistent with the nature of a foreclosure proceeding in this State.

In *McConnell et al. v. Barnes, et al.,* 142 S. C. 112, 140 S. E. 310 (1927), this Court recognized *in dicta* that a judgment for deficiency is merely incidental to the relief sought in a foreclosure action. The court noted the Act of 1791 integrated the action for foreclosure and the action for the deficiency after sale, abandoning the strict distinction between actions *in rem* and *in personam.* This construction is consistent with the maxim that equity upon obtaining jurisdiction of an action will administer full equitable and legal relief. Generally, see 27 Am. Jur. (2d), Equity, §§ 180 *et seq.*

Nothing in the State statutory scheme persuades us the lower court erred in granting respondent's motion for a deficiency judgment. Section 29-3-630 of the 1976 Code of Laws of South Carolina provides for the establishment of the debt secured prior to sale. In this case, respondent alleged the full amount of the debt owed in its complaint, and the special referee and the circuit judge both established the amount due in their report and order. Inasmuch as the debt was "established by the judgment of competent jurisdiction" pursuant to Section 29-3-630, we do not believe appellants were surprised by respondent's motion for a deficiency judgment.

Moreover in this case, the bidding remained open for thirty days in compliance with Section 15-39-720 of the 1976

Code of Laws. Code Section 15-39-760 states the thirty day requirement will not apply when there is an express waiver of right to a deficiency judgment. That statute provides, in part:

"The provisions of §§ 15-39-720 to 15-39-750 shall not apply to any suit brought for foreclosure if the complaint therein states that no personal or deficiency judgment is demanded and that any right to such judgment is expressly waived . . ."

We believe the above language indicates the legislature's intention to deny a deficiency judgment only when such has been expressly waived. There is no evidence of an express waiver by respondent.

Section 29-3-660 of the 1976 Code of Laws of South Carolina provides for the rendition of a deficiency judgment and states in part:

"In actions to foreclose mortgages the court may adjudge and direct the payment by the mortgagor of any residue of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises . . ."

The rendition of a personal judgment in mortgage foreclosure proceedings is thus discretionary with the court. *Berry v. Caldwell et al.,* 121 S. C. 418, 114 S. E. 405 (1922).

In light of established general principles of mortgage law and absent an express waiver by respondent, we believe the circuit judge acted within his discretion in granting the motion for a deficiency judgment.

Affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., dissents

LEWIS, Chief Justice (dissenting):

The complaint in this action sought foreclosure of the mortgage, sale of the premises, appointment of a receiver

and such other relief as might be just and proper. There was no prayer for a personal judgment or for a deficiency judgment, and none was granted or provided for in the final decree of foreclosure. Instead, the decree required the successful bidder to comply with his bid within ten (10) days after the sale.

Although, as stated in the majority opinion, the bidding remained open for thirty days, such was not done under the foreclosure decree, but contrary to its specific provisions.

It is elementary that the right to a judgment must be determined with reference to the relief sought in the pleadings. A deficiency judgment is a personal judgment and a defendant is entitled to notice in the pleadings that it is sought. No personal judgment was sought or granted and there was, therefore, no basis upon which to grant a deficiency judgment.

The majority opinion announces, without limitation, that a deficiency judgment is "such an incident of mortgage foreclosure that it may be supported by a prayer for general relief." Such a principle is, I respectfully submit, without support in our statutes or decisions. On the contrary, the case of *McConnell v. Barnes*, 142 S. C. 112, 140 S. E. 310 (cited in the majority opinion), demonstrates that it is customary for a mortgagee to pray for a deficiency judgment in his complaint if he desires to obtain such relief under Section 29-3-650 or 29-3-660, 1976 Code of Laws. At 140 S. E. 312, it is stated:

. . . after the passage of the act of 1791, which declared that the fee to mortgaged property should continue in the mortgagor (the mortgagee having only a lien thereon), the change of the law created also a change in the practice, and that *it became proper to include in a decree of foreclosure a direction to report the deficiency,* after applying the proceeds of sale to the mortgage debt, and to then allow the mortgagee a judgment for the deficiency.

Later, the act of 1894 was passed [present Section 29-3-650], allowing the mortgagee, in the action of foreclosure,

*to include in the decree a personal judgment against the mortgagor for the amount of the mortgage debt;* that judgment be entered up, constituting a lien upon all other real estate, and later to be credited with the net proceeds of the foreclosure sale. (Emphasis added.)

Each of the abovementioned procedures contemplates that the mortgagee has made a demand for deficiency which has been acknowledged by the court at the time of the decree directing foreclosure and sale.

A complaint which seeks only the foreclosure of the mortgage and sale of the premises is properly interpreted as seeking satisfaction of the debt solely from the security described in the mortgage. A defendant could default, under such a complaint, upon the assumption that no personal judgment was involved. It is not unreasonable to require a mortgagee, who seeks satisfaction of his debt beyond the security of the mortgage, to give notice in the foreclosure complaint that he demands a judgment against all of the mortgagee's property. The present complaint fails completely to notify the defendant of any purpose on the part of the plaintiff to seek such relief.

The order of the lower court granting a deficiency judgment should be reversed.