Ruth **PRICE**

v.

**William E. LEVERS.**

**Civ. A. No. 77–437 B.**

United States District Court,
W. D. Pennsylvania.

Aug. 15, 1979.

Garland H. McAdoo, Jr., Pittsburgh, Pa., for plaintiff.

Donald R. Connors, Bethel Park, Pa., for defendant.

## MEMORANDUM OPINION

KNOX, District Judge.

On April 18, 1977, plaintiff, Ruth Price, brought an action against defendant, William E. Levers, for payment on a promissory note dated May 9, 1974, in the amount of $20,000 with interest at seven per cent per annum. Payment of the note was secured by a third priority mortgage on certain property located in Orangeburg County, South Carolina. As a result of foreclosure proceedings instituted by the senior mortgagee plaintiff's lien on the Orangeburg County property was discharged. Plaintiff neither received proceeds from the sale of the property nor sued for a deficiency in the foreclosure proceedings. Defendant has answered that since the note was secured by a third priority mortgage on the property and inasmuch as such property has been sold pursuant to the court's order in the foreclosure action, plaintiff is barred or estopped from recovering payment on the note. The parties have agreed to all the evidentiary material relevant and have submitted cross motions for summary judgment.

The pretrial stipulation contains the following facts. Defendant executed and delivered to plaintiff a promissory note dated May 9, 1974, in consideration for certain motel and restaurant properties located in Santee, Orangeburg County, South Carolina. The note contained the following terms:

# South Carolina

$ 20,000.00                                      May 9        , 19 74

FOR VALUE RECEIVED, the undersigned promise(s) to pay to the order of Ruth S. Price

3636 Colonial Ave., Roanoke, Va. 24018

at         Manning, S. C.         , South Carolina, in lawful money of the United States of America, the principal sum of Twenty Thousand and no/100 ($20,000.00) Dollars together with interest from date at the rate of 7% per annum, to be repaid in 240 equal successive monthly installments of the sum of $155.06 each, commencing June 1, 1974 and payable upon the 1st day of each successive month thereafter until fully paid, so much of each installment as is necessary shall first be applied to interest calculated on the monthly decreasing balance of the principal sum and the remainder of said installment to the principal sum, default in the payment of any installment when due shall render the entire unpaid balance at once due and payable at the option of the holder, provided that the obligor may anticipate and prepay all or any portion of the indebtedness at any time at his option without penalty.

If default be made in the performance of or compliance with any of the covenants and conditions of the mortgage or any other instrument securing this note, then in any of said events, said principal sum with all accrued interest thereon shall become at once due and payable at the option of holder thereof and be collectible without further notice.  Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

If this note be placed in the hands of an attorney for collection after the same shall for any reason become due, or if collected by legal proceedings or through the probate or bankrupt courts, or under foreclosure proceedings under the mortgage securing this note, then all cost of collection, including the further and additional sum of ten (10%) per cent. on the full amount due hereon, shall be added hereto as attorney's fees secured and collectible as the principal hereof.

The undersigned expressly agree jointly and severally to remain and continue bound for the payment of the principal and interest provided for by the terms of this note notwithstanding any extension or extensions of the time of, or for the payment of said principal or interest, or any change or changes in the amount or amounts agreed to be paid under and by virtue of the obligation to pay provided for in this note, or any change or changes by way of release or surrender of any collateral held as security for this note and waive all and every kind of notice of such extension or extensions, change or changes and agree that the same may be made without the joinder of the undersigned.

Presentment, protest, and notice are hereby waived.

It is expressly agreed and declared that this note is given for an actual loan of  Twenty Thousand and no/100 ($20,000.00) ********************************************* Dollars

This note is secured by a mortgage of even date conveying property in    Clarendon   Orangeburg   County, South Carolina.

Witness the hand and seal of each of the signers hereof.

Witness:
[witnesses signatures]

_____                /s/ W. E. Levers      (L. S.)

_____                _____ (L. S.)

---

Payment of the note was secured by a third priority mortgage on the property which included the Mansion Park Motel, the Santee Motor Court and the Tastee Food Shop Restaurant.  In November, 1972 defendant and plaintiff's husband, Ralph Price, acquired the property pursuant to a partnership agreement and when Ralph Price died testate on August 26, 1973, his interest in the property passed to the plaintiff.

On May 9, 1974, under the terms of the partnership agreement, defendant elected to purchase plaintiff's interest in the property and plaintiff sold all of her right, title, and interest in the partnership property to the defendant for a purchase price of $22,-000. In consideration for the purchase of the property, defendant paid $2,000 cash and executed a note for the balance. (The terms of the note are recited above). Defendant executed and recorded the third mortgage on the property on May 10, 1974 to secure the note.

The two senior mortgages were held by the original sellers of the property, H. G. Peddycord, Nell R. Peddycord, Harvey G. Peddycord, Jr., and Larry E. Peddycord, and by a brokerage firm, Southern Brokers, Ltd., which arranged the sale to the partnership. The first mortgage in priority was granted to the Peddycords to secure a note for the unpaid purchase price of the property in the amount of $355,000 and was recorded on November 30, 1972. The second mortgage in priority was granted to the broker to secure a note in the amount of $20,000 and was recorded on November 30, 1972.

In the fall of 1974 defendant defaulted on his respective mortgage payments and on October 14, 1974, the Peddycords filed a complaint in the Court of Common Pleas of Orangeburg County, South Carolina, seeking foreclosure of the first priority mortgage. The junior mortgagees, Southern Brokers, Ltd., and plaintiff herein, were named as defendants in the South Carolina action. Plaintiff Ruth Price neither entered a defense nor asserted any claim for a deficiency. Judgment was entered on December 11, 1974 in the mortgage foreclosure proceedings on the note of the Peddycords in the amount of $328,456.10 and a sale of the property was ordered by the court. On January 6, 1975 the Peddycords bid $10,000 for the property at a public auction and the property was sold to them. No net proceeds were distributed to either of the junior mortgagees.

Ralph F. Cothran, Esq. was the attorney for both plaintiff and defendant in the preparation of the note and the third priority mortgage. Plaintiff considered Cothran as her attorney for all matters concerning the mortgaged property prior to the filing of the mortgage foreclosure proceedings by the senior mortgagee. Having consummated the sale of her interest in the property in 1974, plaintiff moved her residence from South Carolina to Virginia. Counsel in Virginia advised plaintiff to forego litigation in the South Carolina proceedings and to institute an action for payment on her note at a later date.

Defendant made three payments of $155.06 on the note in June, July, and August, 1974, in timely fashion and has made no further payments. Interest has accumulated from September 1, 1974 to the present, August 15, 1979 at the rate of seven per cent per annum and the principal and interest now due is $27,812.55 plus ten per cent of that amount, or $2,781.26 for attorneys fees, plus costs of the suit. Default in payment renders the entire debt due and payable at once at the option of the holder under the terms of the note.

■ Federal jurisdiction in this court is based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff is a resident of Roanoke, Virginia, and defendant is a resident of Mt. Lebanon, Pennsylvania. As the obligations in question are South Carolina contracts and the properties to which they refer are located in South Carolina, the case clearly turns on South Carolina law. *Artisti-Kote Co. v. Benefactor Building and Loan Association*, 64 F.2d 407 (3d Cir. 1933). We shall, therefore, look to the law of South Carolina in respect to a debt whose payment is secured by a promissory note and a mortgage.

In *Perpetual Building and Loan Association of Anderson v. Braun*, 270 S.C. 338, 340–341, 242 S.E.2d 407, 408 (1978), the Supreme Court of South Carolina stated the general principles of mortgage law, as follows:

"A mortgage represents security for an obligation, not full payment thereof. It is not implicit in the taking of a mortgage that the creditor is to look only to the property for satisfaction of the debt. Indeed, he may ignore the security and bring an action at law on the indebted-

ness, or he may proceed by foreclosure to satisfy his lien.

It is generally accepted that if the mortgaged premises are sold under a foreclosure decree and fail to bring a sufficient amount to satisfy the debt, the mortgagee is entitled, absent any statutory limitation or waiver on his part, to a personal judgment for the remaining deficiency. 55 Am.Jur.2d, Mortgages, § 905. "(I)f the mortgagee does not ask for a deficiency decree in the foreclosure suit, and no such decree is entered, he has a remedy at law by way of an action on the debt for what remains due." *Id.* 55 Am.Jur.2d, Mortgages, § 536 recites the law applicable to the facts of this case, as follows:

"As a general rule, and in the absence of a statutory provision restricting such right, the taking of collateral security for the payment of a debt does not afford any implication that the creditor is to look to it only or primarily for the payment of the debt. The obligation of the debtor to respond in his person and property is the same as if no security had been given. Therefore a creditor holding a note secured by a mortgage may ignore his security and bring an action on the note; and the right to bring an independent action on the notes secured by a mortgage is not dependent on the release of the mortgage, the mortgagee not being required to tender or offer a release until the debt is paid. The promise to pay, as evidenced by a promissory note, is one distinct agreement and, if couched in proper terms, is negotiable, while the pledge of real estate to secure that promise as evidenced by a mortgage is another distinct agreement which is not intended to affect in the least the promise to pay, but only to provide a remedy for the

failure of performance." (Footnotes omitted).

■ In the instant case, plaintiff elected to forego suit for a deficiency judgment in the mortgage foreclosure proceedings and sued on the note. Plaintiff was well within her rights in so doing. Defendant has not cited any statutory impediment to a suit by a mortgagee to enforce the personal obligation of the mortgagor and our research fails to disclose any such authority.

Defendant claims that plaintiff is barred from bringing this action on the note because the judgment in the foreclosure proceedings in South Carolina on the property that secured the note is res judicata. Plaintiff, a party defendant in the foreclosure action, neither entered a defense nor asserted any claim for a deficiency judgment in foreclosure action. S.C.Code § 45–97 (1962) (S.C.Code § 29–3–780 (1976)) clearly provides that the release of the mortgage lien pursuant to a decree of foreclosure does not satisfy any unpaid portion of the debt secured by the mortgage.[1] Although her lien has been released, plaintiff is not barred from suing for payment on the note in an independent action.

■ Defendant next contends that he reasonably relied upon plaintiff's silence during the course of the foreclosure proceedings to his detriment inasmuch as he did not take advantage of the foreclosure appraisal law. According to S.C.Code Sections 45–88 through 45–96.1 (1962), (S.C. Code Sections 29–3–680 through 29–3–770 (1976), the mortgagor may elect to have the foreclosed properties appraised at the fair market value, using the appraisal figure as the basis for computing the deficiency judgment rather than the highest price bid at a judicial sale.[2] "The procedure under the

---

1. § 29–3–780. Entry of release of mortgage on land sold in foreclosure sale.

Upon confirmation of the circuit court of the report [1] of the master or the other officer making a sale of lands pursuant to decree of foreclosure the officer of the court making the sale shall enter upon the record of the mortgage so foreclosed a release of the lien thereof in the form prescribed in § 29–3–790 (S.C.Code § 45–98 (1962)). But nothing herein shall be

construed to satisfy any unpaid portion of the debt secured by such mortgage. . . .

2. § 29–3–680. Application for order of appraisal.

In any real estate foreclosure proceeding a defendant against whom a personal judgment be taken or asked, whether he has theretofore appeared in the action or not, may within ninety days after the sale of the mortgaged proper-

appraisal statutes is qualified in its application to 'any real estate foreclosure proceeding, S.C.Code, Section 45–88 (1962), (S.C. Code, Section 29–3–680 (1976) ), and its provisions are waived by failure to file a timely petition." *Tri-South Mortgage Investors v. Fountain*, 266 S.C. 141, 148, 221 S.E.2d 861, 864 (1976). The present action is indisputably one upon the note alone and therefore is not within the provisions of the appraisal statute. Even assuming that such provisions of the statute were applicable to the facts of this case, defendant has waived the same by his failure to file a timely petition in the prior action in accordance with S.C. Code, Section 45–88 (1962).

For the reasons stated above, defendant's contentions that plaintiff's claim for payment on the note in this suit is barred because of her failure to participate in the mortgage foreclosure action on the equitable grounds of estoppel, waiver, and laches must be rejected. Where the plaintiff has filed suit within the statute of limitations, the burden is on the defendant asserting the equitable defense of laches to show that he was prejudiced thereby. There is no evidence that plaintiff neglected to pursue her cause of action for an unreasonable length of time. Plaintiff instituted the present action on April 18, 1977, well within the applicable statute of limitations. Even assuming that defendant elected to forego filing for an appraisal and bankruptcy in 1974 because he relied upon plaintiff's default in the prior action, such reliance was not reasonable in light of well established principles of mortgage and contract law. The note expressly provides that default in payment renders the entire debt due and payable at the option of the holder.

Defendant's final contention is "that at the time of the foreclosure action, plaintiff had clothed Ralph Cothran, Esq. with the appearance that he spoke legally on plaintiff's behalf on matters concerning the motel so as to make binding upon plaintiff his statements to defendant concerning plaintiff's debt." (Brief in Support of Defendant's Motion for Summary Judgment, p. 21). Defendant stated in his deposition that Cothran advised him that creditors who did not appear to file claims in the foreclosure proceedings would suffer discharge of their debts. Although Cothran had been retained by plaintiff and defendant for legal matters concerning the Orangeburg County properties, the legal opinion attributed to Cothran in this instance cannot serve to bar plaintiff's recovery in this suit. There is no evidence in the record to indicate that defendant believed Cothran was representing plaintiff in the foreclosure proceedings. Plaintiff resided in Virginia at such time and upon the advice of Virginia counsel, elected to default in the South Carolina action. Defendant has raised this defense for the first time in his brief in support of defendant's motion for summary judgment. Defendant did not set forth such defense in his answer, motion for summary judgment, or pretrial narrative. From the present record the court may infer at most that defendant received erroneous legal advice from his counsel in the South Carolina action.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted and defendant's cross motion for summary judgment will be denied.

ty apply by verified petition to the clerk of the court in which the decree or order of sale was taken for an order of appraisal. (S.C.Code § 45–88 (1962)).
S.C.Code §§ 45–89 through 45–93 and §§ 45–95 through 45–96.1 (1962) provide for the mechanics of the appraisal. (S.C.Code §§ 29–3–690 through 29–3–730 and §§ 29–3–750 through 29–3–770 (1976)).

§ 29–3–740. Return of appraisers; effect of return on deficiency judgment.
  The return of the appraisers shall be filed and recorded by the clerk as a judgment of the court and be subject to appeal as hereinafter provided. If the value returned after deduction therefrom of the amount of the price at which the property was sold under the direction of the court be equal to or exceed the amount of the deficiency remaining upon the judgment after application of the net proceeds of sale the judgment shall be thereupon extinguished and cancelled of record by the clerk and if such returned value, after deduction of the amount of the sale price, be less than the deficiency the latter shall be abated and deemed paid, pro tanto, and be thereafter enforcible for only the remainder, the amount of which will be determined by the clerk and stated in a proper order from which any party may appeal within ten days after notice of filing thereof to the court . . . . . (S.C.Code § 45–94).