0259

COMMERCIAL UNION ASSURANCE COMPANY, Appellant, v. Anthony L. CASTILE, Tommy Meyers, and Jerome Hook, Respondents.

(320 S. E. (2d) 488)

Court of Appeals

*R. Davis Howser* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellant.*

*Kenneth M. Suggs* of *Ken Suggs-Mike Kelly, Lawyers, P.A.,* Columbia, *for respondent Castile.*

*Dudley H. Britt,* Columbia, *for respondent Meyers.*

Heard June 18, 1984.

Decided Sept. 11, 1984.

SHAW, Judge:

This is an appeal from a circuit court order reforming an automobile liability insurance policy based on mutual mistake of fact. We affirm.

On or about November 9, 1978, respondent—Anthony Castile traded his 1972 Chevrolet automobile for a 1977 Ford. At that time, Castile was in the U. S. Navy. Since the car was not being used, he allowed the insurance to lapse.

Upon learning he was to return to Columbia, South Carolina, Castile called his mother, Mrs. Ella Mae Castile, to ask her to obtain automobile insurance. Mrs. Castile testified she talked by telephone with Carroll Garris, an agent of the

Garris Insurance Agency, and requested insurance on the 1977 Ford. She claims she was quoted a premium price. Garris does not remember the telephone conversation with Mrs. Castile but does not deny the conversation could have occurred.

Subsequently, Mrs. Castile went to the Garris Agency's office to obtain insurance. Instead of taking the registration card for the 1977 Ford, Mrs. Castile took the registration card for the 1972 Chevrolet. She gave that registration card to Garris who used it to complete the insurance policy application form. She also paid the down payment on the premium; the balance of the premium was financed later.

The Garris Agency placed the insurance with appellant — Commercial Union Assurance Company. The policy was issued, purporting to cover the 1972 Chevrolet. Garris testified there was no difference in the premium for coverage of the 1972 Chevrolet or the 1977 Ford. The premium was determined by reference to Castile's age, gender, marital status, driving record, etc.

On February 10, 1980, Castile ran off of a road while driving the 1977 Ford and struck three parked automobiles. Claims were made on behalf of the owners. Commercial Union denied coverage for the collision but retained the premiums paid up to and including February 10, 1980, because the policy provided other types of coverage for Castile.

The trial court concluded the insertion of the wrong description of the insured automobile in the policy was a mutual mistake and ordered Commercial Union to perform its duties under the policy.

On appeal of an action in equity, tried by a judge alone without reference, the Court of Appeals has jurisdiction to find facts in accordance with its own independent determinations. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Shaw v. Aetna Casualty & Surety Ins. Co.*, 274 S. C. 281, 262 S. E. (2d) 903 (1980).

A contract may be reformed on the ground of mistake when the mistake is mutual and consists in the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which

necessarily preceded it. *Shaw v. Aetna Casualty, supra; Jumper v. Queen Mab Lumber Co.*, 115 S. C. 452, 106 S. E. 473 (1921). Before equity will reform an instrument, it must be shown by evidence which is most clear and convincing not simply that it was a mistake on the part of one of the parties but that it was a mutual mistake. *Hann v. Carolina Casualty Ins. Co.*, 252 S. C. 518, 167 S. E. (2d) 420 (1969). A mutual mistake is one whereby both parties intended a certain thing and by mistake in the drafting did not get what both parties intended. *Sims v. Tyler*, 276 S. C. 640, 281 S. E. (2d) 229 (1981).

The trial judge determined Garris and Mrs. Castile agreed insurance coverage would be provided for the 1977 Ford and the wrong car was covered due to the mistake of both parties. The evidence clearly supports that finding.

The fact Garris did not remember the telephone conversation with Mrs. Castile is not surprising nor does it weigh heavily in our decision. Garris undoubtedly had numerous telephone conversations concerning automobile insurance between the time of his conversation and Mrs. Castile and the time of the trial. It would be unreasonable to expect him to remember each conversation and the substance thereof.

What convinces us there was a prior, oral agreement concerning insurance coverage for the 1977 Ford is the fact only one telephone conversation was alleged and Mrs. Castile made the premium down payment accordng to information received therefrom. Also, at the time of the telephone conversation, Castile only owned one car — the 1977 Ford.

Commercial Union claims the only mistake was on the part of Mrs. Castile in giving Garris the wrong registration card and there has been no showing of the circumstances necessary to reform an instrument based on unilateral mistake. *See Shaw v. Aetna Casualty, supra.*

Undoubtedly, Mrs. Castile was negligent in providing Garris with the wrong registration card. However, we find she and Garris agreed to provide insurance for the 1977 Ford during their telephone conversation. Thus, Garris was equally negligent in failing to discover the registration card was for the wrong car when he drafted the insurance policy application. Under these circumstances, there is no question as to the mutuality of the mistake.

Affirmed.

BELL and CURETON, JJ., concur.