0932

Darla YATES, Appellant v. Eva YATES, Respondent.

(354 S. E. (2d) 800)

Court of Appeals

*David D. Armstrong,* of *Armstrong & Chamberlain,* Greenville, *for appellant.*

*Henry F. Floyd,* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for respondent.*

Heard March 17, 1987.

Decided April 6, 1987.

SHAW, Judge:

Appellant-daughter, Darla Yates, brought this action against the respondent-mother, Eva Yates, seeking an accounting and delivery of alleged trust property. The mother answered and counterclaimed for a setoff. The daughter appeals from the trial court's ruling in favor of the mother. We reverse and remand.

In an equity action tried by a judge alone, this court may find facts in accordance with its own view of the preponderance of the evidence. *Commercial Union Assurance Co. v. Castile,* 283 S. C. 1, 320 S. E. (2d) 488 (Ct. App. 1984).

The daughter was injured in an automobile accident in September of 1981. The daughter received settlement proceeds totaling $12,918.38.[1] The money was placed with the mother, "for the use and benefit of the ... [daughter], with the understanding and upon the expressed condition ... [the money] would be applied to or utilized for the best interest of the ... [daughter]."

The mother spent $7,708.00 on a Corvette automobile which the daughter admits authorizing. Although the daughter drove the car, the title was placed in the mother's name. After the daughter had been driving the car for some time, the mother took it away from her following a disagreement between them.

The daughter denied authorizing any other expenditures except certain ones for medical expenses. She characterized a number of documented expenditures as gifts or purchases the mother made for herself. The mother testified the

[1] The trial judge erroneously found the proceeds totaled $9,720.00 in his order. Since the parties agree this was error, we need not address the issue on appeal.

daughter agreed to repay her for expenses incurred before and after the accident from the settlement proceeds.

The trial judge, sitting without a jury, found the daughter had agreed to reimburse the mother for certain expenses. He also found the mother had spent more money on the daughter than the amount of the settlement proceeds. The judge further found the mother was entitled to keep the Corvette.

The mother received the settlement proceeds in trust for her daughter. A trustee, as a fiduciary, is under a duty of loyalty to act solely in the best interest of the beneficiary. *Ramage v. Ramage*, 283 S. C. 239, 322 S. E. (2d) 22 (Ct. App. 1984). The mother violated her fiduciary duty to her daughter when she took the car, bought with trust property, and used it herself. This has and continues to deny the daughter of the trust property to which she is entitled.

Therefore, we reverse the order of the trial court and remand for a full accounting.

Reversed and remanded.

GARDNER and BELL, JJ., concur.