658 S.E.2d 99

**AMERICAN GENERAL FINANCIAL SERVICES, INC.,**
**f/k/a American General Finance, Inc., Appellant,**

v.

**Kimberly Dawn BROWN f/k/a Kimberly**
**Dawn Tate, Respondent.**

No. 26445.

Supreme Court of South Carolina.

Submitted Feb. 21, 2008.
Filed Feb. 27, 2008.

W. Reid Cox, Jr., of Cox and Ferguson, of Laurens, for Appellant.

Kimberly Dawn Tate, of Spartanburg, pro se, Respondent.

Justice WALLER.

In this foreclosure action, appellant American General Financial Services, Inc. appeals from the Master–in–Equity's decision to deny its request for a deficiency judgment. We reverse and remand.

## FACTS

In 1999, respondent Kimberly Dawn Tate executed a mortgage in the amount of $53,600.00, which was assigned to

appellant in 2000. In 2005, appellant brought a foreclosure action against respondent. A deficiency judgment was specifically demanded in the complaint.

On November 28, 2005, the Master–in–Equity entered a judgment of foreclosure and an order for sale of the real property. The total debt due was found to be $61,763.90.[1] The order also stated that appellant had demanded the right to a deficiency judgment.

Appellant submitted a bid on the property for $25,000.00, but a third party was the highest bidder in the amount of $25,001.00. Appellant thereafter requested a deficiency judgment against respondent for $39,087.99. The Master–in–Equity, however, denied the request.

In his written order denying the deficiency judgment, the Master–in–Equity stated as follows:

> As a Court of Equity, it is this Court's position that it may take into consideration all of the facts and circumstances surrounding a foreclosure sale. When it does not appear that it is equitable to grant a deficiency judgment in a given situation it may exercise its discretion and deny the request for the entry of a deficiency judgment. . . .

> To grant [appellant] a deficiency judgment after consideration of the facts of this case would not be equitable.

Appellant moved for reconsideration, but the Master–in–Equity maintained his position that a court of equity "has the discretion to deny the request for the entry of a deficiency judgment if the granting of such appears inequitable." Therefore, he denied the motion for reconsideration.

### ISSUE

Where a deficiency judgment was demanded in the complaint and not thereafter waived, did the Master–in–Equity err by denying appellant the requested deficiency judgment?

---

1. Although respondent defaulted on the complaint, she appeared at the November 17, 2005, foreclosure hearing. At this hearing, she did not contest that the total debt amount was $61,763.90.

## DISCUSSION

■ Appellant argues the Master–in–Equity did not have the discretion to deny its request for a deficiency judgment because a deficiency judgment was specifically demanded in the complaint and acknowledged in the foreclosure order. We agree.

The right to a deficiency judgment is provided by statute: In actions to foreclose mortgages the court may adjudge and direct the payment by the mortgagor of any residue of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises in cases in which the mortgagor shall be personally liable for the debt secured by such mortgage.

S.C.Code Ann. § 29–3–660 (2007).

Although the Master–in–Equity interpreted this statutory section as giving an equity court the discretion to determine whether to grant a deficiency judgment, we find this interpretation clearly conflicts with South Carolina case law on this issue.

■ We have explained that a mortgage "represents security for an obligation, [but] not full payment thereof." *Perpetual Bldg. and Loan Ass'n of Anderson v. Braun*, 270 S.C. 338, 340, 242 S.E.2d 407, 408 (1978). Thus, the general rule is that "if the mortgaged premises are sold under a foreclosure decree and fail to bring a sufficient amount to satisfy the debt, the mortgagee is entitled, absent any statutory limitation or waiver on his part, to a personal judgment for the remaining deficiency." *Id.* (citation omitted). Moreover, "a mortgagee is not denied the full amount due him merely because he elects initially to pursue his remedy by foreclosure. An action for a deficiency judgment as a sequel to foreclosure is taken as a matter of course." *Id.* at 341, 242 S.E.2d at 408.

Looking at the applicable South Carolina foreclosure statutes, the Braun Court found the Legislature intended for a deficiency judgment to be denied **only** when it has been "expressly waived." *Id.* at 343, 242 S.E.2d at 409; see also *Bartles v. Livingston*, 282 S.C. 448, 319 S.E.2d 707 (Ct.App. 1984) ("a mortgagee whose debt remains unsatisfied after sale of the property is entitled to a deficiency judgment, unless the right to a deficiency has been waived."). Consequently, the

Court in *Braun* held that although a deficiency judgment had not been specifically demanded in the foreclosure complaint, the equity court properly granted the mortgagee the deficiency judgment.

In *Bartles v. Livingston, supra,* the Court of Appeals reversed the circuit court's denial of a deficiency judgment for the mortgagee. The *Bartles* court stated the following:

> Absent grounds to set aside the decree of foreclosure, there is **no discretion** to cut off the right to a deficiency after sale where (1) the complaint in the foreclosure action asks for personal judgment, (2) the amount of the debt is fixed in the foreclosure decree, and (3) the sale is insufficient to satisfy the entire debt.

282 S.C. at 461, 319 S.E.2d at 715 (emphasis added).

We find the Master–in–Equity erred in the instant case by denying appellant the requested deficiency judgment. Appellant had not waived its right to a deficiency judgment, but instead specifically demanded a deficiency. Certainly, appellant met the criteria set out in *Bartles,* and therefore, the Master–in–Equity was bound to award the deficiency judgment in the amount of $39,087.99.[2]

Accordingly, we reverse the denial of the deficiency judgment and remand to the Master–in–Equity for an order consistent with this opinion.

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE and PLEICONES, JJ., concur.
BEATTY, J., not participating.

---

2. We note the foreclosure statutes regarding appraisal give the defendant in a foreclosure action--the mortgagor—a right to apply for an order of appraisal which could possibly result in the deficiency judgment being adjusted or extinguished. *See* S.C.Code Ann. §§ 29–3–680 & 29--3--740 (2007). Furthermore, there are guidelines for an equity court to set aside a foreclosure sale. Although inadequacy of price generally is not enough to allow the court to set aside a sale, if the sale price " 'is so gross as to shock the conscience,' " the court may interfere with the sale. *Investors Sav. Bank v. Phelps,* 303 S.C. 15, 17, 397 S.E.2d 780, 781 (Ct.App.1990) (quoting *Poole v. Jefferson Standard Life Ins. Co.,* 174 S.C. 150, 157, 177 S.E. 24, 27 (1934)). In *Investors Sav. Bank v. Phelps,* the Court of Appeals affirmed the Master's decision to set aside the sale where the bid amount was only slightly more than 1% of the original amount of the mortgage. Here, however, appellant's bid was approximately 47% of the original amount of the mortgage.