**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Fidelity Bank, Respondent,

v.

Cox Investment Group, LLC, Jeffrey E. Cox, Bobby E. Lucas, Darren K. Lucas, and the Kingston Plantation Property Owners's Association, Inc., Defendants,

Of Whom Cox Investment Group, LLC, Jeffrey E. Cox, Bobby E. Lucas, and Darren K. Lucas are, Appellants.

Appellate Case No. 2011-201006

———————

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

———————

Unpublished Opinion No. 2012-UP-603
Heard October 17, 2012 – Filed November 7, 2012

———————

**AFFIRMED**

———————

William Isaac Diggs, of Law Office of William Isaac Diggs, of Myrtle Beach, for Appellants.

Shaun C. Blake, of Ellis Lawhorne & Sims PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Jeffrey E. Cox, Bobby E. Lucas, Darren K. Lucas, and Cox Investment Group, LLC (collectively, Appellants) appeal the master-in-equity's (1) award of a deficiency judgment and (2) reformation of a mortgage. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether Fidelity Bank failed to sufficiently allege and prove a claim for reformation of the mortgage[1]: *George v. Empire Fire & Marine Ins. Co.*, 344 S.C. 582, 590, 545 S.E.2d 500, 504 (2001) ("A contract may be reformed on the ground of mistake when the mistake is mutual and consists in the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it." (citing *Crosby v. Protective Life Ins. Co.*, 293 S.C. 203, 206, 359 S.E.2d 298, 300 (Ct. App. 1987)); *Comm. Union Assur. Co. v. Castile*, 283 S.C. 1, 4, 320 S.E.2d 488, 490 (Ct. App. 1984) ("A mutual mistake is one whereby both parties intended a certain thing and by mistake in the drafting did not get what both parties intended.").

2.      As to whether Fidelity Bank failed to sufficiently allege and prove a claim for deficiency judgment: *Perpetual Bldg. & Loan Ass'n of Anderson v. Braun*, 270 S.C. 338, 339-41, 242 S.E.2d 407, 407-08 (1978) (holding "a deficiency judgment to be such an incident of mortgage foreclosure that it may be supported by a general prayer for relief" and a creditor "may proceed by foreclosure to satisfy his lien"; "It has been held that a court has inherent power to authorize a decree for deficiency, and that no specific notice or motion need be given to the defendant inasmuch as such decree follows implicitly. Moreover, since a decree for a deficiency is an incident of a foreclosure suit in equity, it may be granted under a prayer for general relief" (citations and internal quotation marks omitted)); *see also Bartles v. Livingston*, 282 S.C. 448, 319 S.E.2d 707 (Ct. App. 1984) (discussing the history of pleading foreclosures and deficiency judgments and addressing the import of *Braun*).

**AFFIRMED.**

---

[1] We note Appellants contend the master erroneously relied upon S.C. Code Ann. § 29-3-660 (2011) in reforming the mortgage. However, the order clearly indicates the court treated the statute and the reformation action separately. It did not conflate the analysis of the issues before it, and we therefore find this argument without merit.

**HUFF, THOMAS, and GEATHERS, JJ., concur.**