737 S.E.2d 515

**PLANTATION FEDERAL BANK, as successor in interest to First Savers Bank, Respondent,**

v.

**Peggy B. GRAY and Waterford Ridge Owners Association, Inc., Defendants,**

**Of whom, Peggy B. Gray is the Appellant.**

Appellate Case No. 2010–173826.

No. 5075.

Court of Appeals of South Carolina.

Heard Nov. 1, 2012.

Decided Jan. 30, 2013.

508

Charles R. Griffin, Jr., of Anderson, for Appellant.

Bradley Keith Richardson, of Anderson, for Respondent.

WILLIAMS, J.

Peggy Gray appeals the master-in-equity's ruling ordering separate trials on Plantation Federal Bank's (Bank) foreclosure action and her compulsory legal counterclaims. Gray

argues the master erred in allowing Bank to proceed with its foreclosure action before her compulsory legal counterclaims were adjudicated. We reverse and remand.

**FACTS**

Gray purchased an unimproved lot in Oconee County as a real estate investment. On March 30, 2010, Bank filed a summons, complaint, and lis pendens seeking an order of foreclosure and a deficiency judgment against Gray in regards to Bank's first mortgage on the lot. On May 18, 2010, Gray filed an answer, and Bank successfully moved to have the matter referred to the Oconee County master.

On June 17, 2010, Gray amended her answer and asserted five counterclaims: breach of contract, breach of fiduciary duty, fraud, violations of the South Carolina Unfair Trade Practices Act, and tortious interference with economic opportunities. Gray prayed for actual and punitive damages, attorney's fees, and costs. Bank replied, denying Gray's counterclaims and asserting defenses.

On August 4, 2010, Bank filed a motion for separate trials pursuant to Rule 42(b), SCRCP. On August 25, 2010, a hearing was held before the master. Bank argued its equitable foreclosure action should be tried separately from Gray's legal counterclaims. Bank also argued it should be allowed to proceed with its foreclosure action immediately because Gray had failed to protect the property from being sold at a tax sale, failed to pay costs incidental to the ownership of property such as homeowners' association dues and taxes, and did not occupy the lot as her residence.[1] Bank contended that because the lot at issue was a vacant lot, proceeding with the foreclosure action immediately would not prejudice Gray. Bank did not dispute that Gray's counterclaims were compulsory but argued that extenuating circumstances, namely that the lot's vacancy and Bank's continued expenditures to maintain the property, warranted trying the foreclosure action before Gray's legal counterclaims.

Gray stated she had no objection to the bifurcation and remand of the legal claims to the circuit court but argued that

---

1. In its brief, Bank notes that, following the hearing, it paid the 2009 Oconee County taxes to prevent the lot from being sold at a delinquent tax sale.

her counterclaims were compulsory and that her legal claims must be tried first. The master orally ruled that the foreclosure should proceed and that trying it first did not "jeopardize[ ]" Gray because the lot was vacant. In addition, the master instructed that Gray could add "the loss of a vacant lot ... to [her] damages claim maybe." The master issued a written order on September 2, 2010, allowing the actions to be tried separately, remanding Gray's legal claims to the circuit court, and allowing the foreclosure action to proceed as soon as the docket allowed. The order specifically protected Gray's right to a jury trial on her legal claims. This appeal followed.

**LAW/ANALYSIS**

Gray argues the master erred in holding Bank could proceed with its foreclosure action as soon as the docket allowed, thus allowing Bank's equitable claims to be adjudicated before Gray's compulsory legal counterclaims. Gray contends her actions are compulsory legal counterclaims and that there are factual issues common to both claims. We agree.

When a defendant in an equitable action asserts a compulsory counterclaim that alleges actions at law, both the plaintiff and the defendant have a right to have a jury trial on the issues raised by the compulsory legal counterclaim. *Johnson v. S.C. Nat'l Bank*, 292 S.C. 51, 54, 354 S.E.2d 895, 896 (1987). If there are factual issues common to both the legal and equitable claims, the legal claim, "absent the most imperative circumstances," must be tried, that is, disposed of, first. *Id.* at 56, 354 S.E.2d at 897 (internal quotation marks omitted). In such cases, the United States Supreme Court has cautioned that the discretion to try an equitable claim first "is very narrowly limited and must, whenever possible, be exercised to preserve jury trial." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Accordingly, the Court indicated that such discretion should only be exercised in the face of "irreparable harm" to the plaintiff if the legal claims were to be tried first. *Id.* "If there are no common factual issues, it is within the trial judge's discretion which claim will be tried first." *Johnson*, 292 S.C. at 56, 354 S.E.2d at 897.

We hold the master erred in allowing the foreclosure action to proceed prior to a jury trial on Gray's legal counter-

claims. Gray's counterclaims, which are compulsory, rest on her allegations, inter alia, that Bank "wrongfully, unlawfully, intentionally, willfully, and illegally declared Gray to be in default and/or ... accelerated the balance due on the note and mortgage[,]" fraudulently induced Gray into executing the note and mortgage, and intentionally "frustrated [Gray's] ability to comply with the terms and conditions on her part to be performed." These allegations all involve questions of fact that will most certainly arise in the foreclosure action, especially when considered in light of Gray's defenses to the foreclosure action, including unclean hands.

Because we find that Bank's equitable claim and Gray's legal counterclaims share common questions of fact, Gray's counterclaims must be tried first "absent the most imperative circumstances." *Johnson*, 292 S.C. at 56, 354 S.E.2d at 897 (internal quotation marks omitted). No such showing has been made here. At the hearing on the motion to bifurcate, Bank argued that the foreclosure action should proceed because the value of the lot was declining based on the general state of the economy and because Bank would have to pay taxes on the lot to prevent it from being sold at a tax sale scheduled for later in the year. These circumstances would possibly, if not likely, occur in every foreclosure action currently pending. Further, neither of these concerns represent the kind of "irreparable harm" contemplated by the Supreme Court that would justify infringing on Gray's constitutional right to a trial by jury. Bank may recoup its payment of any taxes in the foreclosure sale pursuant to section 29–3–30 of the South Carolina Code (2007) and may be entitled to a deficiency judgment for any balance remaining on the note after the foreclosure sale should the proceeds from the foreclosure sale fail to satisfy the full amount of the indebtedness. *See* S.C.Code Ann. § 29–3–660 (2007) (authorizing the court to direct the payment by the mortgagor of any remaining balance of the mortgage debt left unsatisfied after a sale of the mortgaged property); *see also Am. Gen. Fin. Servs., Inc. v. Brown*, 376 S.C. 580, 583, 658 S.E.2d 99, 100 (2008) ("[T]he general rule is that if the mortgaged premises are sold under a foreclosure decree and fail to bring a sufficient amount to satisfy the debt, the mortgagee is entitled, absent any statutory limitation or waiver on his part, to a personal judgment for

the remaining deficiency." (internal quotation marks omitted)). Accordingly, Bank has failed to demonstrate that this case falls into the very limited class of cases in which a trial on the equitable claim before a jury trial on any legal claims or counterclaims is justified.

## CONCLUSION

Based on the foregoing, we reverse the master's order to the extent it allows the foreclosure action to proceed prior to Gray's legal counterclaims and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

FEW, C.J., and PIEPER, J., concur.