## Walker v. Browning.

:The petition for *certiorari* and the answer of the magistrate not hav-
ing been specified or sent up to this court as a part of the record,
and the only error complained of in the petition for *certiorari*, so
far as is shown by the bill of exceptions, being that the verdict
of the jury was contrary to the evidence, and it appearing from
the brief of testimony set forth in the bill of exceptions that there
was some evidence to authorize the verdict rendered by the jury,
this court will not reverse the judgment of the superior court
overruling the *certiorari*.                    *Judgment affirmed.*

February 20, 1893.

Before Judge Jenkins. Laurens superior court. July
term, 1892.

Dr. J. P. Walker sued R. W. (*alias* Sheff) Browning on
an account for professional services rendered one Bostick,
amounting to $43.50, with a credit by cash of $1.
From the brief of the evidence set out in the bill of
exceptions, it appears that the plaintiff testified as fol-
lows : The account is true, just, due, correct and unpaid.
Tom Harris came after plaintiff and said that Browning
sent him to tell plaintiff to come that night without fail,
that Bostick was cut. Harris was riding Browning's
mule. Plaintiff went at once and stopped at Brown-
ing's. Browning met him at the gate, and they went
in the house. He told Browning that Harris had said
Browning would pay the doctor's bill, and Browning
said : " Yes, I will be responsible for the doctor's bill."
Browning went with plaintiff to see Bostick that night,
and again next morning ; seemed very much interested,
asked plaintiff if Bostick was seriously hurt, if plain-
tiff would have to come again, and what the doctor's
bill would be if he did not have to come again. Plain-
tiff told him, and he said, all right. Plaintiff told
defendant that if Bostick got worse and defendant
wanted him, he would find plaintiff at McRae's that
evening. When plaintiff got to McRae's, one Arm-

strong was there waiting for him, and said Browning
had sent him for plaintiff, that Bostick had gotten worse.
Plaintiff went to see Bostick, and Browning went with
him that night and again next morning.   Next morn-
ing as they were returning, Browning said Bostick was
in debt to him and doing nothing, and that this had
taught him a lesson standing for doctor's bills.   Plain-
tiff attended Bostick until he got well, and handed in
the account to Browning, who looked over it and asked
several questions about it.   Plaintiff explained it to
him, and Browning said he had no money then, that
times were hard, cotton low and he had sold no cotton.
The first intimation plaintiff had that Browning did not
intend to pay the bill was when J. P. Walker and plain-
tiff were collecting.   They went to see Browning who
said he was not going to pay the account.   Plaintiff
would not have treated Bostick if Browning had not
told him he would pay the bill.   Harris testified that
Browning told him to take his mule and go after the
doctor, and tell him to be sure and come, that Bostick
was cut; that he asked Browning if Browning had bet-
ter not send an order, but Browning said, go on and tell
the doctor that Browning sent for him and that Brown-
ing said for him to come that night without fail, and if
witness told the doctor that, the doctor would come;
that Browning did not say, tell the doctor he would pay
the bill.   Armstrong testified, that Bostick told him to
go to Browning's and tell Browning to send for the
doctor, that he was worse; that he told Browning
what Bostick had said, and Browning told him to go to
McRae's where he would find the doctor; that he asked
Browning if he did not need an order, and Browning
said, no, tell the doctor that Bostick was worse off and
that Browning had sent for him, and he would come.
Bostick testified that he had nothing to do with sending
for the doctor, and all he had ever heard about the bill

was what Browning said to him; that Dod Browning cut him, and Dod told him he would pay the doctor's bill.

Browning testified: He did not owe the doctor anything. Bostick's wife told him that Bostick wanted him to send after the doctor for Bostick, and he told Harris Bostick wanted a doctor. Bostick sent word that he wanted plaintiff, but if it had been left to him (Browning) he would have sent for another doctor. He had no conversation whatever with plaintiff about the bill; he did ask plaintiff next morning what the bill would be if he did not come again. When plaintiff handed him the account he put it in his pocket without noticing it. He did not tell plaintiff and J. P. Walker, when they came by collecting, that plaintiff asked him if he would pay the doctor's bill the night plaintiff stopped at his house, and that he made no reply. One Pervis testified that he was at Browning's when plaintiff came, and went in the house with plaintiff and Browning; heard no conversation about the doctor's bill; was with them all the time; they talked about things generally, but not about who was to pay the bill.

In rebuttal plaintiff testified: Pervis did not go in the house. There was no one in the house but Browning and witness when they were talking about the doctor's bill. When J. P. Walker and plaintiff went collecting, Browning admitted that plaintiff asked him the night plaintiff stopped at his house if he was responsible for the doctor's bill, but said he made no reply. The testimony of plaintiff, as to what occurred when he and Walker went collecting, was corroborated by J. P. Walker.

There was a verdict in the justice's court for the defendant. The plaintiff carried the case to the superior court by *certiorari*. This was overruled, and the plaintiff excepted, because the verdict was contrary to law,

·evidence, etc.; because the account sued upon ,showed that a payment had been made on it before it was sued upon, which should have reversed the verdict; and be-·cause the court refused to remit the case to the justice's ·court with instructions as to the statute of frauds, this having been the entire defence relied upon by defendant's counsel. The judge, correcting the bill of exceptions, states that the defence relied on before him was, not the statute of frauds, but that the defendant never undertook nor promised to pay the account. All the foregoing facts appear in the bill of exceptions, the petition for *certiorari* and the answer not being in the record sent to this court.

J. P. WALKER, by brief, for plaintiff.

No appearance for defendant.