18814

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent, v. ESTATE OF R. M. LEAGUE—Mrs. Blanch Hays League, Harry R. League, M. H. League, Mrs. Grace L. Conner and P. S. League, Appellants.

(162 S. E. (2d) 532)

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Appellants,*

370

*Messrs. Daniel R. McLeod, Attorney General,* and *Robert W. Brown, Assistant Attorney General,* of Columbia, *for Respondent,*

July 25, 1968.

LEWIS, Justice.·

This is a condemnation proceeding instituted by the respondent, South Carolina State Highway Department, to acquire lands of the appellants for highway purposes. During the trial the appellants sought to prove the value of the land being condemned by offering testimony as to the prices realized by them from previous sales of small parcels of land carved out of the tract from which the land in question was being acquired. The trial judge excluded most of the proffered testimony upon the ground that the parcels involved in the other sales were not sufficiently similar in size, location and use to the land being condemned to be of any aid in determining the issue of fair market value. He also refused to permit appellants to cross examine respondent's value-witness as to his knowledge of the prices realized by appellants from these other sales. While appellants (landowners) were made an award by the jury, they were dissatisfied therewith and have prosecuted this appeal. Their exceptions charge that the trial judge committed prejudicial error (1) in excluding the testimony offered as to the prices received from the sales of other property and (2) in refusing to permit appellants to cross examine respondent's expert witness as to his knowledge of such sales. The only questions for determination concern whether or not the trial judge was correct in these rulings.

Our decisions recognize that the value of real property may be shown by evidence of the price realized from voluntary sales of similar property in the vicinity when not too remote in point of time. *S. C. State Highway Dept. v. Hines,* 234 S. C. 254, 107 S. E. (2d)

643; *Charleston & W. C. Ry. Co. v. Spartanburg Bonded Warehouse,* 151 S. C. 542, 149 S. E. 236; *Wateree Power Co. v. Rion,* 113 S. C. 303, 102 S. E. 331; *Miller v. Parr Shoals Power Co.,* 104 S. C. 129, 88 S. E. 374; *Gentry v. Richmond & D. R. Co.,* 38 S. C. 284, 16 S. E. 983. See also: *Holly Hill Lumber Co. v. McCoy,* 205 S. C. 60, 30 S. E. (2d) 856.

The admissibility of such evidence, however, depends upon preliminary proof of sufficient similarity in the transactions to satisfy the trial judge in the exercise of a sound discretion that the evidence will be of aid in determining the fair market value of the property taken; and the exercise of such discretion by the trial judge will not be disturbed unless abuse thereof and resulting prejudice to appellants' rights are shown.

In laying the foundation for the admissibility of evidence of the price for which other property has been sold, the elements of similarity which must be shown relate, generally to the location and character of the property and the conditions surrounding the sale. While no arbitrary limits can be laid down, it must appear that the location, usability, and character of the other land was sufficiently similar to the land to be valued as to reasonably indicate that the two tracts were comparable in value; and the sale of the other land must have been sufficiently close in point of time and under such conditions as to represent a true test of market value at the time of the acquisition of the property to be valued. See: 27 Am. Jur. (2d), Eminent Domain, Section 429; 29 Am. Jur. (2d), Evidence, Sections 397 and 398; Annotation: 118 A. L. R. 869, supplemented in 85 A. L. R. (2d) 110; 29A C. J. S., Eminent Domain, § 273(10); 32 C. J. S., Evidence, § 593(3); 5 Nichols on Eminent Domain (3d Edition), Sections 21.3 and 21.31.

Applying these principles to the present factual situation, we think that the trial judge properly exercised his discre-

tion in excluding the testimony concerning the price realized at the other sales.

Appellants own a tract of land of approximately 160 acres located near the town of Clinton, in Laurens County, which is traversed by U. S. Highway No. 76. Respondent is acquiring in this proceeding 8.87 acres of the above land for the purpose of widening and improving the highway. The effect of the acquisition is to widen the right of way of the existing highway on both sides of, and adjacent to, the old roadbed, in varying widths, through appellants' property.

In the course of the trial appellants offered testimony concerning five prior sales of parcels of land from the 160 acre tract. It was agreed that the date of the present taking, or date for determining the value of the land taken, was May 27, 1966. The five prior sales were as follows:

1. July      1965—11.4 acres for $11,400.00
2. May       1965—1.78 acres for $ 5,000.00
3. February 1965—2.57 acres for $ 5,000.00
4.            1964— 2 acres for $ 2,000.00
5.            1960— 1.8 acres—The testimony does not
                            reveal the price

We will refer to these sales by the above numerical designation. Testimony was allowed as to sale No. 1 but excluded as to 2, 3, 4, and 5.

The record shows that the 160 acre tract is not only traversed by U. S. Highway No. 76, but also by State Road No. S 30-46 and a railroad, the two highways intersecting on the property. The areas adjacent to appellants' property have been developed for both commercial and residential use. There was testimony that the highest and best use of the 160 acre tract was "either commercial, industrial or residential, since it is surrounded by such properties." The values placed by appellants on the particular area being acquired were based on residential use. It is clearly inferable that there are areas of appellants' property peculiarly adopted to commercial use and have a special value for such purpose.

The parcels involved in sales Nos. 2, 3, 4, and 5 had peculiar advantages for commercial use which would materially affect their market value. Sales Nos. 2, 4 and 5 were located on the railroad and the tract sold in No. 3 was formed by the junction of the State Road and U. S. Highway 76. These parcels were obviously bought for commercial use because of their location either on the railroad or at the highway intersection, advantages in location which the strip of land being acquired on each side of the present highway did not have.

The dissimilarities between the parcels involved in the prior sales and the land being acquired in this proceeding, especially as to size and commercial advantages due to location, were sufficient to justify and sustain the rulings of the trial judge.

The appellants also contend that the trial judge erred in refusing to permit cross examination of respondent's value-witness as to his knowledge of the prior sales. Respondent's expert witness had given his opinion as to the value of the property being condemned. Appellants contend that they should have been permitted to cross examine this witness as to the prices realized at the other sales so as to show the basis of the opinion which he had expressed.

The trial judge had, previously, properly ruled inadmissible testimony relating to sales of the other parcels in question because of their dissimilarity to the land being acquired. While a witness who gives his opinion as to value may be cross examined to determine the extent of his dealings with the kind of real estate in question, we find no abuse of discretion in this instance on the part of the trial judge in refusing to permit cross examination about the prices of dissimilar property.

Affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.