1444

Donna Hale BONNEY, Respondent v. John D. GRANGER, as Executor under the will of Hilda Hale Granger, Hilda Hale Granger (Deceased), individually and as trustee under written declaration of trust executed by W. R. Hale on 30 September 1927, Keith S. Bonney, Jr., Laura Ann Bonney, John Hale Granger, Individually and as executor under will of Hilda Hale Granger, Deceased, David Granger, William Randolph Hale, III, William Randolph Hale, IV, Thomas Michael Hale, Leslie Suzzanne Hale Hubbard, Mark Alan Hale, Nancy Ann Hale Riley, Edward Patterson Riley, III, Elizabeth Anne Riley Boswell, Jack McKee Hale and Marjorie Hale Ellmore, Jayne Hale Armstrong, Jeffrey Paul Ellmore, Polly Lynn Ellmore, Philip Benjamin Ellmore and Leigh Erin Hubbard, Amber Rae Hale, McClain Monroe Hubbard, Lauren Dawn Hale and Jennifer Granger, Minors and as representatives of all unborn great-great grandchildren of W. R. Hale, Deceased, Of Whom William Randolph Hale, III is, Appellant, and Marjorie Hale Ellmore, John Hale Granger, Jack McKee Hale and Nancy Ann Hale Riley are also, Respondents. Appeal of William Randolph HALE, III.

(387 S. E. (2d) 720)

Court of Appeals

*W. R. Hale, III*, Greenville, *pro se.*

*William E. Walsh*, Spartanburg, *James R. Gilreath, W. Lindsey Smith, E. P. Riley, Jr., W. H. Arnold* and *Ben G. Leaphart*, Greenville, and *George F. Townes*, Pickens, *for respondents.*

Heard Dec. 11, 1989.

Decided Jan. 2, 1990.

*Per Curiam:*

Appellant, William Randolph Hale, III, appeals from an order of the Master-In-Equity for Greenville County accepting a bid to purchase a tract of land. Mr. Hale owned an interest in the land as a beneficiary of a trust. We affirm.

This matter was initially before this court in the case of *Bonney v. Granger*, 292 S. C. 308, 356 S. E. (2d) 138 (Ct. App. 1987). That case appealed an order of the Master-In-Equity

for Greenville County. In that opinion, we approved the general manner in which the master proposed to sell the property and remanded the matter to the master to conduct the sale.

On remand the master advertised the property for sale in a local newspaper on thirteen different occasions. The advertisement provided that the master would receive sealed bids for a period of approximately one month. On September 8, 1987, the bids were opened and, thereafter, a hearing was held to determine if any of the bids would be accepted by the master.

One of the bids, identified as the "Riva Real Estate" bid, had several contingencies. This bid was tentatively accepted by the master with the understanding that the parties would attempt to remove any of these contingencies repugnant to them. Apparently, these contingencies were cleared up to the satisfaction of the master. After the bid was tentatively accepted, the parties were given approximately six months to solicit additional bids but no other bids were presented to the master. By order dated March 18, 1988, the master finally accepted the "Riva Real Estate" bid. The appellant appeals from the acceptance of the bid.

We have reviewed the appellant's brief and would be justified in dismissing his appeal for failure to comply with the Supreme Court Rules. We choose, however, to attempt to determine what appellant's objections are to the master's actions and dispose of those objections on their merits.

The appellant's initial argument appears to be that the master was without authority to accept a bid with contingencies because the Notice of Sale did not expressly provide for such contingencies. The Notice of Sale does not set forth the conditions of sale, but refers to the prior order authorizing the sale. A review of that order shows it does not prohibit the contingencies and, in fact, gives the matter sole discretion to accept or reject all bids. We find no abuse of discretion and there is clearly no merit to this argument.

The appellant next appears to argue in paragraphs 2 and 3 of his brief that the master erred in not requiring the property to be rezoned prior to letting it out on bid. The property was zoned residential and appellant's

contention is that it would have sold for more had it been first rezoned commercial. We note the "Riva Real Estate" bid is based on the contingency that the property could be rezoned commercial. Clearly, in accepting the bid the master considered the highest and best use of the property was for commercial use. It also appears to us that the property was sold with a clear view of the court's realization that the property had commercial potential even though there had been no formal rezoning of the property.

The appellant's primary argument, as we view it, is that the property was worth more than it sold for.

Inadequacy of price will not justify setting aside a judicial sale unless the inadequacy is so gross as to shock the conscience of the court or is accompanied by other circumstances warranting interference by the court. *Spillers v. Clay*, 233 S. C. 99, 103 S. E. (2d) 759 (1958). There is substantial evidence in the record that the property sold for a fair price. We find no abuse of discretion.

In paragraph 4 of his brief, the appellant appears to argue the advertisement by the master was insufficient. The 1985 order provided that the master would have sole discretion in determining how the property should be advertised. The appealed order sets out the efforts of the master to insure the property sold for the highest price obtainable. While the appellant's main complaint is that the master should have exposed the property to a national market, there is no evidence the property had national appeal. Additionally, the appellant has not brought to our attention any requirement in the law that more than local advertisement is required. We find no abuse of discretion and summarily reject the appellant's argument.

Appellant's paragraph 5 asserts due process of law has not been accorded the parties to this action. The appellant asserts three grounds to support this argument. The grounds with respect to appropriateness of a division in kind and with respect to the right of partition have been adjudicated by the 1985 order which was affirmed by us. As to the other ground raised, we have been unable to understand the objection. Additionally, the argument is defective in that it does not identify an exception nor otherwise comply with the rules of the Supreme Court. We thus affirm the master on these issues.

Finally, while appellant's brief contains something he calls a "motion" it appears that essentially this same motion was made by appellant before the master and rejected. It appears further that the denial of this motion forms the basis for this appeal. Because we have upheld the actions of the master in selling the property, we need not address the appellant's motion because it has effectively been disposed of. Additionally, the disposition we make in this case precludes the necessity to consider the motion to dismiss of John Hale Granger.

Accordingly the order of the master is affirmed.