## 1560

INVESTORS SAVINGS BANK, formerly Investors Savings and Loan Association, Respondent v. Gary W. PHELPS and Rudig Trophies, Defendants, and Johnny M. Flynn, foreclosure bidder, Appellant.

(397 S.E. (2d) 780)

Court of Appeals

*W. Daniel Yarborough, Jr.*, Greenville, *for appellant.*

*Clifford O. Koon, Jr.*, of *Rogers, Thomas, Cleveland, Koon, Waters & Tally*, Columbia, *for respondent.*

Heard Oct. 8, 1990.

Decided Oct. 29, 1990.

SANDERS, Chief Judge:

This is an appeal from an order of the Master-in-Equity setting aside a foreclosure sale. On the thirtieth day after the sale, appellant Johnny M. Flynn, a stranger to the mortgage being foreclosed, bid $510 for the subject property, outbidding by $10 the previous bid of the mortgagee, respondent Investors Savings Bank. The Master granted the motion of Investors to set aside the sale. We affirm.

Investors instituted the action for foreclosure of its mortgage, demanding a deficiency judgment. According to the amended complaint, the mortgage had a balance due of $52,369.80, plus interest. The Master ordered the property sold. At the foreclosure sale, Investors was the high bidder at $500. Because a deficiency judgment was sought, the bidding remained open for thirty days, as required by Rule 71, SCRCP and S.C. Code Ann. § 15-39-720 (1977). On the thirtieth day, Mr. Flynn entered a bid of $510. Investors moved to set aside the sale. Following a hearing on the motion, the Master found that the bid of $510 was "so grossly inadequate as to

shock the conscience." He set aside the foreclosure sale on this basis. (The Master also set aside the sale on alternative grounds, but it is unnecessary for us to address whether he erred in this regard because we affirm based on his finding that the bid was grossly inadequate.)

Whether a judicial sale should be set aside is a matter within the discretion of the trial court. *Bonney v. Granger*, 300 S.C. 362, 387 S.E. (2d) 720 (Ct. App. 1990). We find no abuse of discretion in the instant case.

## I.

Mr. Flynn argues that "[t]he Court erred in setting aside the sale of this property to [him] on the basis that [his] bid was so low as to shock the conscience of the Court, the error being that this is not a proper standard."

The Master applied the first prong of the two-part test set forth in *Poole v. Jefferson Standard Life Ins. Co.*, 174 S.C. 150, 177 S.E. 24 (1934). There, the Supreme Court stated the rule to be that "inadequacy of price unless it is so gross as to shock the conscience, or accompanied by other circumstances warranting the interference of the court, is not enough to move the court to set aside a sale fairly made." *Id.* at 157, 177 S.E. at 27.

Mr. Flynn argues that this rule "arose as dicta" and that its application "has never been *necessary to the decision* of a South Carolina case" (emphasis his). He further argues that the rule "has never been unequivocally adopted and applied in this State." Essentially, Mr. Flynn would have the rule's disjunctive term "or" read and applied as the conjunctive term "and," so that "other circumstances" would always be required to set aside a sale based on inadequacy of price. We find this argument unpersuasive.

It appears that the case at hand may present the first opportunity for an appellate court of this State to apply directly only the first prong of the rule stated in *Poole*. The Supreme Court of Arkansas was faced with a similar case, also for the first time, in *Looper v. Madison Guar. Savings & Loan Ass'n*, 292 Ark. 225, 729 S.W. (2d) 156 (1987). There, as here, a foreclosure sale was set aside because the high bid was found to be "so grossly inadequate as to shock the conscience of [the] court." *Id.* at 230, 729 S.W. (2d) at 159. The appellants' argu-

ments, almost identical to those raised before this Court, were that the rule was "only dictum: the law is or should be that some other circumstances must exist." *Id.* at 227, 729 S.W. (2d) at 157. The Court affirmed the decision setting aside the sale and expressly declined to overrule the language in four of its previous decisions "that a judicial sale cannot be set aside for an inadequate price *unless* it shocks the conscience of the court." *Id.* at 231, 729 S.W. (2d) at 159. We find this case persuasive.

The rule in South Carolina was no less clearly stated by our Supreme Court in *Poole* and has since been restated by the Court on multiple occasions. *E.g., Hamilton v. Patterson,* 236 S.C. 487, 494, 115 S.E. (2d) 68, 71 (1960) ("It is well settled in this State 'that inadequacy of price, unless so gross as to shock the conscience of the court *or* accompanied by circumstances from which fraud may be clearly inferred, will not justify the overthrow of a judicial sale.' ") (emphasis added). Most recently, this Court has reiterated the rule: "Inadequacy of price will not justify setting aside a judicial sale unless the inadequacy is so gross as to shock the conscience of the court *or* is accompanied by other circumstances warranting interference by the court." *Bonney,* 300 S.C. at 365, 387 S.E. (2d) at 722 (emphasis added). We must assume that when our Supreme Court says "or," it means "or," not "and."

For these reasons, we hold that the Master applied the proper standard in setting aside the foreclosure sale on the ground that Mr. Flynn's bid of $510 was "so grossly inadequate as to shock the conscience."

## II.

Mr. Flynn further argues that "[t]he Court erred in making a finding of fact that the value of the property involved in this judicial sale was $45,467.00, the error being that there was no competent, nonhearsay testimony as to the value of the property."

There was evidence that the purchase money mortgage being foreclosed and the note which it secured were in the original amount of $48,340. Both the mortgage and the note were executed approximately four and one-half years prior to the hearing before the Master. The amount of the note and purchase money mortgage is competent evi-

dence of the value of the property. *See Rutledge v. St. Paul Fire and Marine Ins. Co.,* 286 S.C. 360, 368, 334 S.E. (2d) 131, 136 (Ct. App. 1985) ("The price paid for property at an actual, voluntary and bona fide sale thereof is presumptive evidence of the property's value."); *South Carolina State Highway Dep't v. Estate of League,* 251 S.C. 368, 162 S.E. (2d) 532 (1968) (the remoteness of a sale and whether it will aid in determining fair market value is a matter addressed to the sound discretion of the trial judge).

The amount bid by Mr. Flynn, $510, was slightly more than 1% of the original amount of the note and mortgage. Even if the property was worth only a fourth of the amount loaned on it four and one-half years earlier, Mr. Flynn's bid would be only 4.2% of its value. In *Poole,* our Supreme Court set aside a foreclosure sale based, in part, on the fact that the high bid was $500 for property worth more than $5,000. In *Looper,* the Arkansas Supreme Court affirmed a decision to set aside a sale where the amount bid was 4.4% of the value of the property. The courts of New York consistently hold that foreclosure sale bids of less than 10% of value are unconscionably low. *See Polish Nat'l Alliance of Brooklyn, U.S.A. v. White Eagle Hall Co., Inc.,* 98 A.D. (2d) 400, 408, 470 N.Y.S. (2d) 642, 649 (1983) ("[F]oreclosure sales at prices below 10% of value have consistently been held unconscionably low in this State. . . .").

For these reasons, we hold that the record contains sufficient evidence of the value of the property to support the decision of the Master that Mr. Flynn's bid was "so grossly inadequate so as to shock the conscience."

Accordingly, the order of the Master-in-Equity is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.