548 S.E.2d 862

**Leland HUMBERT, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25314.

Supreme Court of South Carolina.

Heard April 25, 2001

Decided June 25, 2001

James D. Dotson, Jr., of Lake City, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General G. Robert DeLoach, and Assistant Attorney General William Bryan Dukes, all of Columbia, for respondent.

BURNETT, Justice:

Petitioner was convicted of common law robbery and sentenced to fifteen years imprisonment, suspended upon service of ten years.[1] The Court granted his petition for a writ of certiorari to review the decision of the post-conviction relief (PCR) judge denying his PCR application. We affirm.

## FACTS

Petitioner claims he received ineffective assistance of counsel because defense counsel allowed the case to proceed to trial while petitioner was wearing a jail uniform, shackles, and an identification bracelet bearing his mug shot. We disagree.

Petitioner was charged with robbing a Sav–Way convenience store at approximately 2:30 a.m. on March 19, 1994. At trial, the store clerk on duty at the time of the robbery identified petitioner as the perpetrator. She testified when petitioner asked her the price of a beer, she left the register, walked to the cooler, opened the door, and stated the price. At that point, petitioner grabbed her arm and she felt something in her back. Petitioner released the clerk, then proceeded to the cash register. He kept one hand in his jacket and used the other hand to remove food stamps, postage stamps, cash, and coins from the register.

The clerk testified although he told her not to look at him, she watched petitioner and, when he was at the register, she had a good opportunity to observe him. She testified the robber was a black male with sideburns and a beard. He wore a baseball cap with an "A" on it and work clothes, specifically navy blue pants, a light blue shirt, and a navy blue jacket with "Mercury–Lincoln" inscribed on it. The clerk estimated petitioner was in the store for fifteen minutes. The clerk observed him drive away. She saw the back of his

---

1. Petitioner voluntarily withdrew his direct appeal.

vehicle which she described as a two-door white truck with "Chevrolet" on the tailgate.

After the robbery, a deputy arrived at the Sav–Way. The clerk described the perpetrator and the getaway truck. At 4:00 a.m., while on another call, the deputy noticed a truck matching the description given by the store clerk. The deputy drove beside the truck and determined the driver matched the description of the robber. He followed the truck. When the driver exited the vehicle, the deputy told him he matched the description of a robbery suspect. The driver consented to the deputy searching the truck. A blue work jacket with "Lincoln–Mercury" was on the front seat. A navy baseball cap with an "A" on it was located behind the seat. The deputy identified petitioner as the driver.

The deputy arrested petitioner for public intoxication and placed him in the back seat of his patrol car. Thereafter, he took petitioner to the Sav–Way where the clerk identified him as the robber. After taking petitioner to jail, the deputy found postage and food stamps on the back seat of his patrol car.

The lead investigator testified he joined the deputy after petitioner was arrested. Petitioner was wearing blue work pants and a light blue shirt.

Photographs of petitioner's truck were admitted into evidence. The rear of the truck is white; "Chevrolet" appears in black lettering on the tailgate.

> At the sentencing proceeding, petitioner personally stated: And also I would—I would like to—to move for a dismissal or mistrial for the fact that—on the grounds of that I was—the Solicitor advised me to turn my prison clothes wrong side out and with a prison band on choose a selection of jury of my peers and stand before them and get a fair and impartial trial....
>
> Solicitor: Your honor, could I just add one thing for the record?
>
> Court: Yes.
>
> Solicitor: I would just like to note that the Solicitor's Office never told him anything about his jail clothes. We were advised by the Sheriff's Department jailers that the Defen-

dant, on the day of trial, refused at the jail to put on his non-jail clothes. But when he came up here, the people with the Sheriff's Department decided that the best thing to do was to be—to put his clothes on by turning them wrong side out in such a way that it could not be told that the Florence County Sheriff's Department emblem was on them, that he would—or, rather, the jail emblem was on them.

Court: Counsel, make sure that an appeal is filed in—

At the PCR hearing, petitioner testified, before he left the detention center for trial, he made arrangements for a Public Defender's Office investigator to obtain civilian clothes for him to wear during trial. Petitioner explained, at the detention center, he only had his prison jumpsuit and the clothes he was wearing when the store clerk identified him as the robber.

Petitioner testified, before trial, however, the solicitor told him to wear his prison jumpsuit inside out. He denied refusing to wear the clothing he had on when he was identified by the clerk. Petitioner testified he also wore shackles and a Florence County Detention Center wrist band which held his mug shot.[2] Defense counsel did not request the trial judge continue the trial until the investigator delivered petitioner's civilian clothes.

Defense counsel died two years before the PCR hearing.

In the Order of Dismissal, the PCR judge ruled "[a]lthough it may have been deficient for trial counsel to permit the trial to proceed with [Petitioner] in clothing provided by the Florence County Detention Center, this Court finds that [Petitioner] has failed to satisfy his burden of showing prejudice."

### ISSUE

Is there any evidence to support the PCR judge's conclusion petitioner was not prejudiced by defense counsel allowing the trial to proceed with petitioner wearing jail clothing, shackles, and a detention center identification bracelet?

---

2. In his brief, petitioner described the wrist band as "bright orange." This description does not appear in the record.

### DISCUSSION

 In PCR proceedings, the applicant must meet the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To establish a claim of ineffective assistance of trial counsel, a PCR applicant has the burden of proving counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the result at trial would have been different.... A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Johnson v. State*, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (*citing Strickland v. Washington, supra*). Thus, a PCR applicant must show both error and prejudice to win relief in a PCR proceeding. *Scott v. State*, 334 S.C. 248, 513 S.E.2d 100 (1999). An appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

 The PCR judge did not rule on whether defense counsel was ineffective for proceeding to trial while petitioner was shackled and wearing an identification bracelet. Petitioner did not file a Rule 59(e), SCRCP, motion requesting a ruling on these issues. Accordingly, petitioner's claims regarding counsel's ineffectiveness for allowing the trial to proceed while he was shackled and wearing an identification bracelet are not preserved for review. *Pruitt v. State*, 310 S.C. 254, 423 S.E.2d 127 (1992).

 As to petitioner's clothing, the record supports the PCR judge's finding counsel was deficient by allowing the trial to proceed while petitioner was dressed in prison clothing.[3] We find it generally improper for a defendant to appear for a jury trial dressed in readily identifiable prison clothing.[4] Nev-

---

3. Even though petitioner was wearing the jumpsuit inside out, we assume that petitioner's clothing was still readily identifiable as jail issue.

4. The defendant's appearance at trial dressed in jail clothing is not automatically reversible error. There may be situations where, as a matter of trial strategy, counsel decides jail attire benefits the defense. Accordingly, in order to obtain a new trial on direct appeal, an objection must be raised at trial. *See Estelle v. Williams*, 425 U.S. 501,

ertheless, as conceded by petitioner, in order to prevail in this PCR action, the *Strickland* analysis applies and petitioner must establish prejudice.[5]

■ We find the evidence of record supports the PCR judge's conclusion petitioner was not prejudiced by counsel's deficient performance. The store clerk identified petitioner as the robber shortly after the crime and, then again, at trial. The clerk's description of the perpetrator's clothing matched the clothing petitioner was wearing approximately 1½ hours after the robbery. A blue "Lincoln–Mercury" jacket and baseball cap with the letter "A" on it—items which the clerk stated the robber was wearing—were found in petitioner's vehicle. Petitioner was driving a truck which matched the description of the getaway vehicle. Food and postage stamps were found in the backseat of the patrol car after petitioner was removed from the vehicle. The clerk testified food and postage stamps had been taken from the cash register. Due to the overwhelming evidence against petitioner, there is not a reasonable probability the outcome of his trial would have been different had petitioner not been dressed in his prison jumpsuit.

■ At oral argument, petitioner suggested for the first time in this action that the State compelled him to wear prison clothing in violation of his right to due process. This argument was not raised to and ruled on by the PCR judge and, therefore, is not preserved for review. *Id.* Further, petitioner's claim cannot be asserted in a PCR action. *Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000) (when asserting violation of a constitutional right, the applicant generally must frame the issue as one of ineffective assistance of counsel). PCR is not a substitute for appeal or a place for asserting errors for the first time which could have been reviewed on direct appeal. *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517 (1993).

---

96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Here, the record is devoid of evidence of any such strategy.

5. Petitioner conceded *Strickland* applies both in his brief and at oral argument.

While we find it troublesome petitioner appeared before a jury dressed in a prison jumpsuit, because there is probative evidence to support the PCR judge's conclusion petitioner was not prejudiced by the clothing, the Court must affirm. *Cherry v. State, supra.*

**AFFIRMED.**

TOAL, C.J., and MOORE, WALLER and PLEICONES, JJ., concur.