THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Matter of the Estate of Harley A. Newsome, Deceased
Gena Phillips Ervin as Personal Representative of the Estate of Harley 
 A. Newsome; Christine N. Tolson, Individually and as Conservator 
 for Sallie Louise Newsome, deceased; Cely Baker Reynolds as Guardian ad 
 Litem for Sallie Louise A. Newsome, deceased; John H. Newsome, Sr.; and 
 John H. Newsome, Jr.        Respondents,
 
 
 

v.

 
 
 
Kenneth L. Amerson, Personal Representative of the Estate of Sallie Louise 
 A. Newsome,        Appellant.
 
 
 

Appeal From Darlington County
J. Ernest Kinard, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-475
Submitted June 9, 2003  Filed July 
 30, 2003 

AFFIRMED

 
 
 
Gary W. Crawford, of Florence, for Appellant.
David W. Keller, Jr., R. Wayne Byrd, Julie J. Moore, Hugh 
 L. Wilcox, Jr., James C. Rushton, III, and Lawrence B. Orr, all of Florence, 
 for Respondents.
 
 
 

PER CURIAM:  Kenneth Amerson, personal representative 
 of the estate of Sallie Louise A. Newsome, filed a Rule 60(b), SCRCP motion 
 in probate court to set aside a sale of real property previously approved by 
 the probate court.  The probate court denied Amersons motion and the circuit 
 court affirmed.  We affirm. [1] 
FACTS
Harley Newsome died on September 1, 1998.  
 Newsomes will left his entire estate to his wife, Sallie.  Because Sallie suffered 
 from Alzheimers disease, the probate court appointed Newsomes sister, Christine 
 Tolson, as Sallies conservator, Cely Baker Reynolds as Sallies guardian ad 
 litem, and Gena Phillips Ervins as personal representative of Newsomes estate.  
 On January 12, 1999, Ervins petitioned the probate court for authorization to 
 sell three parcels of land devised to Sallie by Newsomes will.  The stated 
 reason for selling the parcels was to raise cash to pay for Sallies nursing 
 home expenses.  Ervins had the parcels appraised by Everett Johnson who valued 
 the land at $88,800 based upon his finding that the best use of the land was 
 farmland.  Johnson noted in his appraisal that a new hospital was being built 
 on nearby land.  In her petition, Ervins requested that one parcel be sold to 
 Tolson for $10,000 and the other two parcels to John Newsome Jr., Newsomes 
 brother, for $78,000.  Neither Tolson nor Reynolds objected to the petition, 
 and the probate court authorized the sale of the land as being in Sallies best 
 interest.  
On March 8, 1999, Sallie died intestate 
 leaving one sister and ten nieces and nephews as heirs.  Amerson, the husband 
 of one of the nieces, was appointed personal representative.  After Amerson 
 learned of the sale to Tolson and John Newsome, he commissioned Robert Christopher 
 to appraise the three parcels.  Christopher determined the lands best use was 
 commercial because of the proximity of the hospital and valued the parcels at 
 $263,200.  Amerson filed a Rule 60(b), SCRCP motion in the probate court seeking 
 to rescind the sales to Tolson and John Newsome.  At the hearing, Christophers 
 appraisal was presented and the values of Newsomes and Sallies estates were 
 also presented.  
LAW/ANALYSIS
Amerson contends the probate court erred 
 when it denied his Rule 60(b) motion because the sale price was so far below 
 the fair market value that it shocked the conscience, and the breaches of the 
 fiduciary duties by Tolson, Ervins, and Reynolds required invalidation of the 
 sale.  We disagree.  
 The power to open, modify, or vacate 
 a judgment is possessed solely by the court that rendered the judgment.  Whether 
 to grant or deny a motion under SCRCP 60(b) is within the sound discretion of 
 the judge.  Coleman v. Dunlap, 306 S.C. 491, 494, 413 S.E.2d 15, 17 
 (1992) (citations omitted).  An appellate court will not reverse the rendering 
 courts decision unless it abused its discretion.  Saro Invs. v. Ocean Holiday 
 Pship, 314 S.C. 116, 124, 441 S.E.2d 835, 840 (Ct. App. 1994).  An abuse 
 of discretion arises where the trial judge was controlled by an error of law 
 or where his order is based on factual conclusions that are without evidentiary 
 support.  Tri-County Ice & Fuel Co. v. Palmetto Ice Co., 303 S.C. 
 237, 242, 399 S.E.2d 779, 782 (1991).  
Inadequacy of price will not justify 
 setting aside a judicial sale unless the inadequacy is so gross as to shock 
 the conscience of the court or is accompanied by other circumstances 
 warranting interference by the court.  Bonney v. Granger, 300 S.C. 362, 
 365, 387 S.E.2d 720, 722 (Ct. App. 1990).  In Investors Savings Bank v. Phelps, 
 303 S.C. 15, 397 S.E.2d 780 (Ct. App. 1990), a third party placed a $510 bid 
 on a piece of property that had been secured by a mortgage for over $45,000.  
 Investors filed a motion to set aside the sale on the ground that the amount 
 of the bid shocked the conscience when compared to the fair market value of 
 the land.  The master granted the motion to set aside the sale.  This court 
 affirmed, stating that the bid of less than ten percent of the fair market value 
 of the property was unconscionably low.  Id. at 18-19, 397 S.E.2d at 
 782.  
In this case, there is disagreement between 
 two experts who appraised the property.  On cross examination, Christopher readily 
 admitted that it was common and not at all unusual to have two widely divergent 
 valuations.  His testimony supports the probate courts decision not to rescind 
 the sale because the value of the land was not undisputed.  Even assuming Christophers 
 $263,000 appraisal is the more accurate market value, the $88,000 paid for the 
 land was more than one-third of Christophers appraised value, well above the 
 ten percent line proscribed in Investors.
Amersons contention that Tolson, Ervins, 
 and Reynolds breached their fiduciary duties to Newsomes and Sallies estates 
 is an issue which was not raised to the probate court and thus is not preserved 
 for our review.  See, e.g., Humbert v. State, 345 S.C. 332, 337, 
 548 S.E.2d 862, 865 (2001).  
 AFFIRMED.
HEARN, C.J., CONNOR and STILWELL, JJ., 
 concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.