THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In the Court of Appeals

 
 
 
 Charles P. Graham, Petitioner-Respondent,
 v.
 State of South Carolina, Respondent-Petitioner.
 
 
 

Appeal From Horry County
Steven H. John, Trial Judge
John L Breeden, Jr., Trial Judge
 Paula H. Thomas, Post-Conviction Relief Judge
Unpublished Opinion No. 2009-UP-268
Submitted May 1, 2009  Filed June 2, 2009
Affirmed

 
 
 
 Appellate Defender Elizabeth A. Franklin, of Columbia, for Petitioner-Respondent.
 Attorney
 General Henry D. McMaster, Chief Deputy Attorney John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia, for Respondent-Petitioner. 
 
 
 
 

PER
 CURIAM: Charles P. Graham was convicted of distribution of crack
 cocaine at trial on May 29, 2003 (first trial).  Graham was convicted on a
 second charge of distribution of crack cocaine at trial on June 25, 2003 (second
 trial).  Graham did not appeal either conviction or sentence.  Graham filed an
 application for post-conviction relief (PCR) alleging ineffective assistance of
 counsel at both trials.[1] 
 The PCR court found trial counsel was ineffective in Graham's first trial and
 granted a new trial.  The PCR court denied Graham's application for PCR as to
 his second trial, but found trial counsel's deficient performance in the first
 trial influenced the sentencing phase of Graham's second trial and granted a
 new sentencing hearing.  
Graham seeks a writ of certiorari from the denial of his application
 for PCR as to his second trial (Question I) and from the grant of a belated
 appeal (Question II).  The State cross-petitions seeking a writ of certiorari
 from the PCR court's grant of a new trial for Graham's first trial, and a new
 sentencing hearing for his second trial (State's Petition).
Because evidence
 supports the PCR court's finding that Graham did not knowingly and
 intelligently waive his right to a direct appeal, we grant certiorari on
 Graham's Question II and proceed with a review of the direct appeal issues
 pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986) and White v. State,
 263 S.C. 110, 208 S.E.2d 35 (1974).  We deny the petition for certiorari as to
 Graham's Question I and as to the State's Petition.   
As to
 Graham's direct appeal issues, we affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities: Humbert v.
 State, 345 S.C. 332, 337-38, 548 S.E.2d 862, 865 (2001) (finding a
 "defendant's appearance at trial dressed in jail clothing is not automatically
 reversible error");  Id. at 337-38 n.4, 548 S.E.2d at 865 n.4
 ("[I]n order to obtain a new trial on direct appeal, an objection must be
 raised at trial."); State v. Haigler, 334 S.C. 623, 629, 515 S.E.2d
 88, 91 (1999) ("The burden of persuading the court that a Batson violation
 has occurred remains at all times on the opponent of the strike.").   
Affirmed.  
HUFF, PIEPER,
 and GEATHERS, JJ., concur. 

[1] Graham retained the same counsel at both trials. 
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.