**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cary G. Ryals, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000570

---

**ON WRIT OF CERTIORARI**

---

Appeal From Berkeley County
Michael G. Nettles, Circuit Court Judge

---

Opinion No. 5971
Submitted December 1, 2022 – Filed March 1, 2023

---

**REVERSED AND REMANDED**

---

Appellate Defender David Alexander, of Columbia, for
Petitioner.

Senior Assistant Deputy Attorney General William M.
Blitch, Jr. and Assistant Attorney General Danielle
Dixon, of Columbia, for Respondent.

---

**THOMAS, J.:**  Cary Glenn Ryals argues the post-conviction relief (PCR) court
erred in not finding his trial counsel was ineffective for not objecting to Ryals
proceeding to trial dressed in improper prison attire and for not requesting a

continuance in order for counsel to provide proper street clothes for Ryals. We reverse and remand for a new trial.

## FACTS

In May 2015, a Berkeley County grand jury indicted Ryals on the charge of operating a motor vehicle in violation of the Habitual Traffic Offender (HTO) Act. In June 2015, he proceeded to a jury trial and was found guilty as charged. The trial court sentenced him to five years' imprisonment and revoked his probation regarding a prior unrelated conviction, which resulted in ten years' incarceration. Ryals did not appeal his conviction, sentence, or probation revocation.

On January 28, 2016, Ryals filed a pro se PCR application, in which he alleged his trial counsel did not advise him of his direct appeal rights and was ineffective in failing to (1) investigate his past criminal record, (2) challenge the trial court's jurisdiction over the charge against him, and (3) object to his having to appear at his trial in prison attire. On July 26, 2017, counsel for Ryals filed an amended PCR application to include an allegation of ineffectiveness for the revocation of his probation and requested a hearing on the merits. Following a hearing on December 4, 2017, the PCR court granted Ryals a belated direct appeal but denied PCR on his remaining issues.

On September 24, 2018, counsel for Ryals filed a petition for a writ of certiorari requesting a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing Ryals' direct appeal issue and asking to be relieved as counsel. The petition also included a request for a writ of certiorari on allegations that Ryals' trial counsel performed deficiently in failing to (1) investigate Ryals' criminal record and (2) object to Ryals having to appear at his trial in prison attire. The case was transferred from the supreme court to this court. On January 27, 2021, this court voted to grant certiorari on the direct appeal issue and the issue of appearing at trial in prison attire. On the same day, the direct appeal issue was dismissed by opinion. The issue of Ryals' prison attire is before us now.

## STANDARD OF REVIEW

"In post-conviction proceedings, the burden of proof is on the applicant to prove the allegations in his application." *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008). "The applicant has the burden of establishing his entitlement to relief by a preponderance of the evidence." Rule 71.1(e), SCRCP. "This [c]ourt

gives great deference to the factual findings of the PCR court and will uphold them if there is any evidence of probative value to support them." *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016). "Questions of law are reviewed de novo, and we will reverse the PCR court's decision when it is controlled by an error of law." *Id.*

**LAW/ANALYSIS**

Ryals argues the PCR court should have found his trial counsel was ineffective for failing to (1) object to Ryals proceeding to trial dressed in prison attire and (2) request a continuance to provide proper clothing for Ryals.

When ineffective assistance of counsel is alleged as a ground for relief, a PCR applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) (quoting *Strickland* as the standard for judging ineffectiveness). It is "generally improper for a defendant to appear for a jury trial dressed in readily identifiable prison clothing." *Humbert v. State*, 345 S.C. 332, 337, 548 S.E.2d 862, 865 (2001), *abrogated on other grounds by Fishburne v. State*, 427 S.C. 505, 832 S.E.2d 584 (2019); *see also Estelle v. Williams*, 425 U.S. 501, 512 (1976) (holding an accused may not be compelled to be tried before a jury in identifiable prison clothes); *Brooks v. Texas*, 381 F.2d 619, 624 (5th Cir. 1967) ("It is inherently unfair to try a defendant for crime while garbed in his jail uniform . . . ."); *Ring v. State*, 450 S.W.2d 85, 88 (Texas Crim. App. 1970) ("(E)very effort should be made to avoid trying an accused while in jail garb."). "Nevertheless, . . . to prevail in [a] PCR action, the *Strickland* analysis applies and [the] petitioner must establish prejudice." *Id.* at 337-38, 548 S.E.2d at 865.

The PCR court acknowledged "[t]rial [c]ounsel may have been deficient in failing to request a continuance . . . until [Ryals] could change into civilian attire"; however, relying on *Humbert*, the court ultimately denied PCR on this issue because it found Ryals failed to establish prejudice in view of the overwhelming evidence against him. *See id.* at 338, 548 S.E.2d at 866 ("Due to the overwhelming evidence against petitioner, there is not a reasonable probability the outcome of his trial would have been different had petitioner not been dressed in his prison jumpsuit.").

However, "the existence of 'overwhelming evidence' does not automatically preclude a finding of prejudice." *Smalls v. State*, 422 S.C. 174, 189, 810 S.E.2d 836, 844 (2018). Rather, in a PCR court's analysis of prejudice, the strength of the State's case "is one significant factor the [PCR] court must consider—along with the specific impact of counsel's error and other relevant considerations—in determining whether [the petitioner] has met his burden of proving prejudice." *Id.* at 190, 810 S.E.2d at 845. "[F]or the evidence to be 'overwhelming' such that it categorically precludes a finding of prejudice":

> the evidence must include something conclusive, such as a confession, DNA evidence demonstrating guilt, or a combination of physical and corroborating evidence so strong that the *Strickland* standard of 'a reasonable probability . . . the factfinder would have had a reasonable doubt' cannot possibly be met.

*Id.* at 191, 810 S.E.2d at 845.

Here, there was no attempt by the PCR court to balance the impact of Ryals' forced appearance at his trial in prison clothing against the strength of the State's evidence against him.[1] "Ordinarily, the PCR court should make findings of fact on [whether counsel's error prejudiced the petitioner], not [the appellate court]." *Id.* at 195, 810 S.E.2d at 847. Nonetheless, this court is permitted to conduct the prejudice analysis. *See id.* (finding it was not necessary for the appellate court to remand the issue of prejudice to the PCR court for findings of fact because "we have conducted the prejudice analysis ourselves").

At trial, before Ryals testified, the court asked Ryals outside of the presence of the jury if it needed "to have any cause for concern" if Ryals' leg irons were removed. Ryals responded he would "comply with everything" and wished he "was dressed better than [he was] presently." The jury returned to the courtroom and Ryals' leg irons were removed. Neither Ryals nor his counsel made any objection to his clothing or the shackles.

---

[1] The State's evidence consisted of testimony from an employee of the Department of Motor Vehicles (DMV) about Ryals' driving record and the notices sent by the DMV and the police officer who arrested Ryals for operating a motor vehicle in violation of the HTO Act.

Ryals' PCR application alleged "failure to object to the improper attire." At the PCR hearing, Ryals testified that in addition to having to wear a prison jumpsuit with the name of the detention center stamped on the back, he "had shackles and handcuffs on" during his trial. The PCR court questioned counsel for the State about Ryals' attire:

> THE COURT: Ms. Coleman, do you know how many –
> I practiced law for 20 years and been on the bench for 12.
> I have never as a lawyer or a judge allowed someone to
> be tried in prison garb. Is there a law that says or is there
> a case that addresses this issue?
> MS. COLEMAN: Not that I know of, Your Honor. I
> haven't been able to find anything. And my argument –
> THE COURT: Have you ever done that? Have you seen
> that?
> MS. COLEMAN: I have not, no. I have never seen that
> circumstance, but my argument again, that would be that
> the evidence against him was overwhelming so there
> would be no prejudice based on that fact.
> THE COURT: Based on what they presented it is not
> overwhelming.

The PCR court's order addressed only the issue of trial counsel's failure "to object to the trial proceeding when [Ryals] was wearing his prison clothing and was not provided with civilian attire to wear for trial," and Ryals did not move to alter or amend the order.

Ryals' brief before us now states the argument as: "The PCR court erred in not finding trial counsel ineffective for not objecting to Petitioner Ryals proceeding to trial dressed in improper prison attire and for not requesting a continuance in order for counsel to provide proper street clothes for Ryals." The facts following the issue mention that Ryals had handcuffs and shackles on at trial and the removal of Ryals' leg irons in front of the jury and cites case law pertaining to shackling in court.

This court has held "the Constitution forbids the use of visible shackles during the penalty phase, as it forbids their use during the guilt phase, unless that use is justified by an essential state interest—such as interest in courtroom security—specific to the defendant on trial." *State v. Heyward*, 432 S.C. 296, 324, 852 S.E.2d 452, 466 (Ct. App. 2020) (quoting *Deck v. Missouri*, 544 U.S. 622, 624

(2005)). Thus, the *Heyward* court found the trial court abused its discretion in denying Heyward's request to remove his shackles during jury selection when the record was devoid of any reason why he should have been shackled and there were no concerns of courtroom decorum or security raised. *Id.*

We find Ryals' objection to his "attire" encompasses his handcuffs and shackles. Balancing the impact of Ryals' forced appearance at his trial in prison clothing visible to the jury against the strength of the State's evidence against him, there is a reasonable probability that, but for trial counsel's failure to object to his appearance at this trial in prison clothing, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Thus, we find Ryals' trial counsel was ineffective for not objecting to Ryals proceeding to trial dressed in prison attire and for not requesting a continuance to provide proper clothing for Ryals.

**CONCLUSION**

Accordingly, the decision of the PCR court is

**REVERSED and REMANDED.**[2]

**WILLIAMS, C.J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.