**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tashonby Pedrick Wilson, Appellant.

Appellate Case No. 2019-000749

―――――――――

Appeal From Lexington County
Thomas W. Cooper, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-192
Submitted May 1, 2024 – Filed May 29, 2024

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

―――――――――

**PER CURIAM:** Tashonby Pedrick Wilson appeals his convictions for attempted murder, assault and battery of a high and aggravated nature, and possession of a weapon during the commission of a violent crime, and his aggregate sentence of twenty-seven years' imprisonment. On appeal, Wilson argues the trial court erred in (1) ruling that hearsay statements from a computer-aided dispatch (CAD) report were admissible, (2) allowing the State to publish an audio recording of a 911 call that contained a hearsay statement of an eight-year-old boy, and (3) allowing the State to publish video recordings of three jail phone calls showing Wilson wearing a Lexington County Detention Center jumpsuit. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion when it allowed a witness to testify by reading from a CAD report because, prior to the testimony, the State offered the report into evidence pursuant to the business records exception in Rule 803, SCRE, and the trial court found it complied with the requirements of the rules of evidence, found the State laid a proper foundation, and allowed it into evidence. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). Wilson does not contend the CAD report itself did not fall within the business records exception to hearsay, but argues the report was not admitted into evidence because the State did not mark the exhibit. However, even though the State did not mark the exhibit prior to the testimony, it still offered the report into evidence, the trial court found the State laid a proper foundation and admitted it, and the witness had the report in hand and testified as to how the reports were created and maintained in the ordinary course of business. *See* Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 803(6), SCRE (stating "a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity" is not excluded by the hearsay rule); *Deep Keel, LLC v. Atl. Priv. Equity Grp., LLC*, 413 S.C. 58, 72, 773 S.E.2d 607, 614 (Ct. App. 2015) ("Rule 803(6) does not apply to admit live testimony offered to prove the contents of a record containing hearsay when that record is not offered in evidence."). Furthermore, even if admission of this testimony was error, it was harmless because it was cumulative; the victims on the call, officers who spoke with the victims, and others who witnessed the shooting also testified at trial and identified Wilson as the shooter. *See State v. Vick*, 384 S.C. 189, 199, 682 S.E.2d

275, 280 (Ct. App. 2009) ("Appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978) ("[T]he admission of improper evidence is harmless where it is merely cumulative to other evidence.").

2.  We hold the issue of the boy's hearsay statement is not preserved for our review.  First, the issue of the 911 call was separate from the issue of the eight-year-old boy's statement to a police officer.  The boy's voice was not heard on the 911 call, and the pretrial discussions concerning these two issues were distinct.  Neither the State nor Wilson mentioned the boy in the context of the 911 call.  Moreover, although Wilson made an objection pretrial, he did not make a contemporaneous objection when the police officer testified as to the boy's statement; accordingly, this issue is not preserved.  *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].");  *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 657, 615 S.E.2d 440, 450 (2005) (holding contemporaneous objections are required to preserve issues for appellate review).

3.  We hold the trial court did not abuse its discretion when it admitted videos from three jail phone calls between Wilson and his brother because the probative value of the videos was not substantially outweighed by unfair prejudice.  *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").  The State showed short, edited video clips of phone calls between Wilson and his brother at the detention center; Wilson did not appear at trial wearing jail clothing.  While the videos were prejudicial to Wilson's case, they were not a "constant reminder of the accused's condition" and, because of their brevity, they could not have been a "continuing influence throughout the trial" such that they were a violation of Wilson's right to a fair trial.  *See Humbert v. State*, 345 S.C. 332, 337, 548 S.E.2d 862, 865 (2001) ("[I]t [is] generally improper for a defendant to appear for a jury trial dressed in readily identifiable prison clothing."), *abrogated on other grounds by Fishburne v. State*, 427 S.C. 505, 832 S.E.2d 584 (2019); *Estelle v. Williams*, 425 U.S. 501, 504-05 (1976) (holding that a defendant's right to a fair trial was violated when he was compelled to wear identifiable prison clothing during his trial because it was a "constant reminder of the accused's condition" affecting the

jury's judgment); *id.* at 505 (stating "[t]he defendant's clothing is so likely to be a continuing influence throughout the trial that . . . an unacceptable risk is presented of impermissible factors coming into play").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.